MICHAEL J. KUHN, Garnishee of J. HENRY SOMER-
VILLE vs. THOMAS STANSFIELD.

*Husband and Wife—Wife's Separate estate—A Bill
of Sale void as to Creditors.*

The receipt and appropriation by a husband of money, constituting the
separate estate of his wife, with her knowledge and acquiescence, does
not establish the relation of debtor and creditor between them, and en-
title the wife to compensation out of the husband's assets, unless at the
time of such receipt he expressly agreed to repay the money so received
and appropriated.

A husband voluntarily executed a bill of sale, to secure to his wife a sum
of money, constituting her separate estate, which he had received with
her knowledge and acquiescence, and invested in his business, but which
at the time of such receipt, he did not agree to repay.  HELD:

That such conveyance was void as to prior creditors, it not appearing that
the debtor had other property sufficient to satisfy their demands.

APPEAL from the Circuit Court for Howard County.

The cause was argued before BARTOL, C. J., STEWART,
BRENT, GRASON, MILLER and ROBINSON, J.

*James Mackubin* and *Robert J. Brent,* for the appellant:

The Court below gave judgments for the creditors, and this
appeal is from the judgment in one of several cases, upon an
agreement, that the judgment of this Court in this case, shall
be entered in all, as though all had been appealed from, and
that execution be stayed in all until the judgment of this
Court is rendered.   There is no charge of fraud, nor are the
facts constituting the consideration, as set forth in the bill of
sale, controverted.   The isolated and only question is, was
the consideration set forth valuable, or was it so purely vol-
untary as to be void against creditors?   It is conceded that a
husband may contract for a transfer of his property to his
wife for a *bona fide* and valuable consideration, and that a

promise to re-pay or secure, is a valuable consideration. *Bowie vs. Stonestreet, et al.*, 6 *Md. Rep.*, 430.

And in the case of *Jones' Adm'r vs. Jones & Wife, et al.*, 18 *Md. Rep.*, 467, '8, the Court lay great stress upon the fact, that in that case, as in this, the contract had been executed by an actual conveyance. But the appellee's case and the judgment of the Court below, rests upon the assumption, that this fund was a *gift* from Mrs. Somerville, whose separate property they say it was, to her husband. It is insisted however, that this fund never was Mrs. Somerville's, but passed from her father to Somerville; both sign the receipt; but he says in his bill of sale, that he in fact received the money, and the receipt says, that it was received of Kuhn, the father-in-law, but whether received from the wife or her father, he received it upon his written acknowledgment, that it was received not as a gift to him from his wife or her father, but "as an advancement with a view to a portion or *settlement of his (Kuhn's) daughter."* Thus he became the trustee for his wife, by the act or appointment of her father. *Gover vs. Owings*, 16 *Md. Rep.*, 99.

The wife's signature evidences nothing more than her assent, that so much money has been paid by her father to her husband in trust for her, and that such payment may be regarded as an "advancement" of her to that amount. The promise to re-pay, or hold for her use, is necessarily implied from the husband's written acknowledgment that he had received it for her; and that such was the *intention* as understood by him is emphatically declared in the bill of sale, both in its recital and in the terms of the trust. The case of *Edelen vs. Edelen*, 11 *Md. Rep.*, 415, and the other cases referred to, are all cases where the wife attempted to recover either against a party who had paid to her husband upon her authority, or against her husband's estate, for allowances or expenditures which she had made voluntarily, of her own motion and without any recognition whatever upon the part of the husband, of any indebtedness from him therefor, and without any

claim from the wife for repayment until after her husband's death.  Here the debt is actually recognized, and there has been an actual conveyance to secure it, "according to the true intent and meaning" of the instrument under which it was contracted.  Mrs. Somerville never had this money to give, it passed from her father; if she consented that her husband should receive it, it was upon his written engagement that it was *for her*, i. e. in trust for her, which necessarily implies the obligation to repay.

In the case of *Mory, Exc'x of Michael, vs. Michael*, 18 *Md. Rep.*, 239, a wife's executor was allowed to recover interest against her husband, in the non-payment of which she had acquiesced for four years, he being her trustee.  It may be true, that by the investment of this fund in his business, Somerville obtained credit, &c.  But certainly not more so than did Holliday in the case of *Stockett, Adm'r of Locke, et al. vs. Holliday and Wife, et al.*, 9 *Md. Rep.*, 480.

It is insisted that Somerville's execution of the bill of sale was the fulfilment of a high moral duty, and a recognized obligation which equity would have enforced.  It was a fulfilment, too, of the statute law of the state, which requires that the wife's estate shall be preserved to her separate use, and particularly, and above all things, shall be secure against her *husband's creditors*.  Such is not only the present law, but has been the policy of the State for the last twenty years or more.  *Code, Pub. Gen'l Laws, Art.* 45, secs. 1, 2, 3; *Act of* 1853, *ch.* 245; *Const.*, 1864, *Art.* 3, *sec.* 42.

And the Courts have been quite as watchful for the protection of the rights of married women.  *Koontz vs. Nabb*, 16 *Md. Rep.*, 554; *Johns vs. Reardon and Wife*, 11 *Md. Rep.*, 465; *Steffey, et al. vs. Steffey*, 19 *Md. Rep.*, 5.

A post-nuptial settlement will be upheld against creditors in two cases:

1st. Where there has been an express contract of the husband, whether made with the wife for a valuable consideration, or with a third party.

2nd. Where the husband having already received a portion of the wife's separate estate, and having appropriated it even with her consent, voluntarily makes such a settlement as a Court of Equity would force him to make.

The only evidence that connects the wife with the transaction is her signing a receipt jointly with her husband, which receipt specifically declares that the money is for her use. Yet this is the only evidence in the record which shows her intervention.

The presumption, that the husband did not agree to settle this property, is adopted in face of the evidence that he did settle it on his wife, and did declare that he did so settle it " for the purposes mentioned in the settlement," and the settlement or receipt specifies that the money was for a portion or settlement of his wife.

But if the decision can be supported on the first ground, it is then claimed it must be reversed on the second ground; that is, that the Court will uphold the deed, if it be such an one as equity would have required the husband to make; and this particularly in view of our Code, which makes all property coming to the wife after marriage her separate property. *Wickes vs. Clarke,* 8 *Paige, Ch. Rep.,* 162.

But in order to make this deed *void at law,* there must be an entire failure of consideration; and even supposing that a Court of Equity would not require a husband in failing circumstances to settle the whole $800 on his wife, yet a Court of Equity would certainly have decreed the wife a part. But if a Court of Equity would have allowed the wife a part of the $800, then there is a valuable consideration which will support the deed at law; and if the creditors claim that the consideration is in excess of the wife's equity, they must assert in equity their claims on the surplus.

*Henry E. Wootton* and *George W. Sands,* for the appellee:

Under the law of Maryland, the sum of money advanced by Kuhn to his daughter, became her separate property, and

she could dispose of it as she pleased.   *Code of Public Gen'l Laws, Art. 45, secs.* 1, 2, 3.

She allowed her husband to receive it, and there is no evidence of any agreement on his part to repay the same.   The law regards such receipt as a gift, and the relation of debtor and creditor does not exist.   We therefore contend that the said bill of sale upon its face was a voluntary conveyance, fraudulent in law as against existing creditors and void.   1 *Story's Eq. Juris.,* secs. 353, 362 *and* 363; *Atkinson vs. Phillips,* 1 *Md. Ch. Dec.,* 507; *Code, Public General Laws, Art.* 45, *sec.* 1.

Where the husband receives and appropriates the separate estate of the wife, or any part or portion of such separate estate, and such receipt and appropriation are with the wife's knowledge and acquiescence, then the wife *is not a creditor of the husband,* nor is she entitled to compensation out of his assets, unless at the time he receives the money, constituting the separate estate of the wife, or a portion thereof, he expressly agrees to repay the money so received and appropriated.   2 *Bright on Husband and Wife,* 259, &c.; 1 *Maddock's Ch.* 586; *Edelen vs. Edelen,* 11 *Md. Rep.,* 420, *and authorities there cited; Stockett, Adm'r of Locke, et al. vs. Holliday and Wife, et al.,* 9 *Md. Rep.,* 480; *Bowie vs. Stonestreet, et al.,* 6 *Md. Rep.,* 418.

ROBINSON, J., delivered the opinion of this Court:

In August, 1863, Michael J. Kuhn, advanced to his daughter, Mary A. Somerville, by way of settlement, the sum of eight hundred dollars, as appears by the following receipt, signed by herself and husband:

"ELLICOTT'S MILLS, Aug., '63.

"We hereby acknowledge that we have received of M. J. Kuhn, eight hundred dollars ($800) as an advancement, with a view to a portion or settlement of his daughter, the undersigned Mary.

"MARY A. SOMERVILLE,
"J. H. SOMERVILLE."

In March, 1866, Somerville being largely indebted, executed the bill of sale set forth in the proceedings, and a few days afterwards, the appellee and other creditors, sued out writs of attachment against him as an absconding debtor. The validity of this bill of sale, as against the existing creditors of Somerville, is the question submitted to this Court. It is conceded that a contract may be entered into, by a husband, for the transfer of property to his wife, for a *bona fide* consideration coming from her. The cases of *Stockett, Adm'r, vs. Holliday and others,* 9 *Md. Rep.,* 480, *and Jones, Adm'r of Horsey, vs. Jones and Wife, et al.,* 18 *Md. Rep.,* 467, were decided upon this established principle of law. It is equally well settled, that the relation of debtor and creditor may exist, growing out of the appropriation, by the husband, of the wife's separate property; but if received and appropriated, with her knowledge and acquiescence, this Court has said, in *Edelen vs. Edelen,* 11 *Md. Rep.,* 420, that "in such cases, there must be an agreement by the husband to repay the money so appropriated." The case now before us must be decided by the application of this general principle of law. It is wholly immaterial whether Somerville received the money from his wife, or Kuhn, her father, the question being whether he received and appropriated it, with the wife's knowledge and acquiescence, in pursuance of an agreement to repay it. This must be determined from the face of the bill of sale and receipt, no other proof being offered in the cause. That it was received with the knowledge and acquiescence of the wife, admits of no doubt, and as to the agreement to repay it, both papers are entirely silent. It is neither expressed in the receipt, nor alleged by way of consideration in the bill of sale. The receipt is but an acknowledgment of the money advanced by the father, with a view to a settlement, and was taken for the obvious purpose of preserving the evidence of that fact. In the bill of sale Somerville admits the receipt of the money; that it was invested in his business, and expresses a desire to return it, but it is nowhere

alleged, that the conveyance was made, in consideration of an agreement to repay it. Upon such proof as this, or in fact, in the absence of all proof, this Court cannot infer that such an agreement was made. The bill of sale, therefore, must be considered as a voluntary conveyance, executed by a party, in the language of Judge MARTIN, in *Worthington and Anderson vs. Shipley*, 5 *Gill*, 460, ":literally loaded with debt," and as it does not appear that there was other property to satisfy the demands of prior creditors, it must be pronounced as against them, void.

The case of *Gover vs. Owings*, 16 *Md. Rep.*, 99, does not exempt this cause from the operation of the general principles of law as above stated. If it be admitted, that the husband became by operation of law, trustee of his wife, and in that capacity received the money, he could only be responsible for the misapplication of the funds received.

If appropriated with the consent and knowledge of his wife, it cannot be said that he was guilty of a violation of the trust. Being her separate property, all the authorities concur in saying, that in thus permitting the husband to receive it, she is precluded from making any demand. 2 *Roper on Husband and Wife*, 220, (32 *Law Lib.*) In the case of *Gover vs. Owings*, the wife did not claim the money which was paid to the husband by her consent, but the subsequent payments, made without her knowledge.

The questions decided in *Wickes vs. Clarke*, 8 *Paige Ch. Rep.*, 161, are not involved in this case. In that case, the personal property conveyed by way of settlement, came to the wife by descent, and upon a bill by the creditors of the husband, it was held that inasmuch as a Court of Equity would have compelled a settlement in favor of the wife, by the husband, or those claiming under him, there could be no reason for setting aside a settlement voluntarily made. In the case now before the Court, the creditors of Somerville are not seeking payment through a Court of Equity, as against the property of the wife, but are claiming that the property of the

husband, which by a voluntary conveyance he has attempted to place beyond their reach, shall be held liable to satisfy their just demands.

*Judgment affirmed.*

(Decided 12th February, 1868.)

