BAST, APPELLANT, *v.* BAST ET AL., RESPONDENTS.

(No. 5,202.)

(Submitted May 23, 1923.  Decided June 26, 1923.)

[217 Pac. 345.]

*Homesteads — Exemption — Husband and Wife — Divorce — Gifts by Wife to Husband not Debts—Alimony—Lien on Homestead—Pleadings—Estoppel.*

Homesteads—Exemption—Husband and Wife—Divorce—Execution on Judgment for Alimony.

1. In an action to enjoin the sale of plaintiff's homestead under execution on a judgment in divorce proceedings awarding the wife alimony in a lump sum, the court finding that the wife had advanced to plaintiff during marriage an amount equal to the award, the contention that the moneys so advanced by her constituted a debt contracted prior to the issuance of patent, thus exempting the homestead from sale in satisfaction of the debt, *held* not sustained by the evidence.

Husband and Wife—Gifts by Wife to Husband not Debts of Latter.

2. While a husband who borrows money from his wife with the understanding that it shall be repaid will be treated as her debtor, the unexplained payment of money by a wife to the husband does not raise a presumption that a loan was intended and she cannot enforce payment, the law on the contrary presuming that the advance was a gift not thereafter recoverable by her.

Same—Divorce—Pleadings—Estoppel.

3. Where plaintiff in his answer to the complaint of his wife for divorce had denied any indebtedness to her on account of moneys advanced, he was estopped to claim, in his action to enjoin the sale of his homestead on execution on the judgment for alimony recovered by her, that the judgment was in satisfaction of a prior debt contracted by him on account of such advancements.

Same—Alimony—Contributions by Wife to Husband.

4. Contributions made by the wife to the husband during marriage may be considered by the court in awarding alimony.

Same—Alimony—Jurisdiction.

5. In an action for divorce by the wife the court may, in addition to allowing her periodical sums for the support and maintenance of a minor child, award her alimony in gross.

Same—Alimony—Lien on Homestead.

6. *Held,* that in a divorce case the court may in awarding alimony to the wife make the award a lien on the homestead.

---

5. Allowance of alimony in gross sum, see note in 1 Ann. Cas. 224.
6. Power of court to decree alimony lien on homestead, see notes in Ann. Cas. 1914D, 888; 50 L. R. A. (n. s.) 700.

Money decree for permanent alimony or separate maintenance as lien on homestead, see notes in 25 L. R. A. (n. s.) 137; L. R. A. 1916B, 652.

*Appeal from District Court, Fergus County; Rudolf Von Tobel, Judge.*

Action by Nicholas G. Bast against Edna M. Bast and another. From an order vacating a temporary restraining order and denying a permanent injunction, plaintiff appeals. Affirmed.

*Messrs. Belden & DeKalb* and *Mr. Merle C. Groene,* for Appellant, submitted a brief; *Mr. H. Leonard DeKalb* argued the cause orally.

It is not necessary to discuss the proposition of whether or not in the divorce action the court had authority to give a money judgment upon a debt, for that is what the judgment on its face purports to do and it cannot be considered otherwise than as a civil judgment. Furthermore, it will not be necessary under the facts in this case as we view them and the condition of the record to discuss the point whether the date of the final receipt or the date of the actual issuance of the patent governs, as there is but one item that could bring up this question; the weight of authority and the better rule supports the view that it is the date of the actual issuance of the patent that governs. (*Barnard* v. *Boller,* 105 Cal. 214, 38 Pac. 728; *In re Cohn,* 171 Fed. 568; *Codington County* v. *Lindner,* 39 S. D. 96, 163 N. W. 573; *Sprinkle* v. *West,* 62 Wash. 587, 34 L. R. A. (n. s.) 404, 114 Pac. 430; *Jean* v. *Dee,* 5 Wash. 580, 32 Pac. 460.)

There can be no controversy that notes and checks represent money loaned by the wife to the husband represented "debts contracted" within the meaning of the statute. (*Brun* v. *Mann,* 151 Fed. 145, 12 L. R. A. (n. s.) 155, 80 C. C. A. 513; see, also, *Schultz* v. *Levy,* 33 Or. 373, 54 Pac. 184; *Ash* v. *Eriksson,* 115 Minn. 478, 132 N. W. 997; *Codington County* v. *Lindner,* 39 S. D. 96, 163 N. W. 573.) In *Cooper* v. *Miller,* 165 Cal. 31, 130 Pac. 1048, the court held that regardless of the decree in a divorce action awarding

the property to the wife as community property, the federal
exemption applied; in other words, that the judgment in the
divorce action had no effect whatever on the character of the
debt or the exemption allowed by the federal statute. In
*Grames Cons. Timber Co.,* 215 Fed. 785, the court held that
a sale of the homestead on a judgment for a debt contracted
before the issuance of patent is void, although the exemption
is not claimed before the sale.

The lower court, conceding the effect of the federal statute,
evidently sought to base its decision upon the theory that
our statute (sec. 5786, Rev. Codes 1921) did not give the right
to the· wife to bring a civil action against the husband for
moneys which she had loaned him, and hence concluded that
the judgment was more in the nature of a property settle-
ment than a judgment in a civil action. While it is true that
at common law the wife could not sue the husband by virtue
of the fact that the wife and husband had one identity, still
this is not the rule in Montana. (Secs. 5786, 5811.) Under
identical statutes in the state of California the courts of that
state hold that the wife may loan the husband money and
recover it back in a civil action in like manner as a *feme sole*
might do. (*Pool* v. *Clifford*, 78 Cal. 371, 20 Pac. 857; *White*
v. *Warren,* 120 Cal. 322, 49 Pac. 129, 52 Pac. 723; also see
*In re Starr,* 232 Fed. 416.)

The judgment was not ·a property settlement nor an allow-
ance of alimony, but was a straight money judgment based
upon a contracted debt. Alimony proceeds only from the hus-
band to the wife and rests upon the obligation of the husband to
support the wife. (*Ex parte Spencer,* 93 Cal. 460, 17 Am.
St. Rep. 266, 23 Pac. 395; 19 C. J. 201.) Alimony is not
strictly a debt due to the wife, but rather a general duty of
support made specific and measured by the court. (*Milber-
ger* v. *Vesselsky,* 97 Kan. 433, 155 Pac. 957; *Romaine* v.
*Chauncey,* 129 N. Y. 566, 22 Am. St. Rep. 544, 14 L. R. A. 712,
29 N. E. 826.

*Messrs. McConochie & McKenna* and *Mr. Edward R. Baird,* for Respondent, submitted a brief; *Mr. Baird* argued the cause orally.

The award to the plaintiff in the divorce action of $3,750 was not a property division, strictly speaking, but was an allowance of alimony; the two remedies being distinct. Section 5771, Revised Codes of 1921, is identical with a California Code section, which, before its adoption in Montana, was construed to authorize allowance of alimony in a gross sum. (*Robinson* v. *Robinson,* 79 Cal. 511, 21 Pac. 1095.) A gross sum allowed to a wife in a judgment of divorce will be presumed to be alimony, rather than division of property. (*Thomas* v. *Thomas,* 41 Wis. 229; *Hopkins* v. *Hopkins,* 40 Wis. 462.) In allowing alimony, good conscience requires that where the wife has contributed money or property to her husband's welfare, restitution of the property, or its equivalent, should be made to her; these matters being considered in the light of circumstances determining the award. (*Cole* v. *Cole,* 142 Ill. 19, 34 Am. St. Rep. 56, 19 L. R. A. 811, 31 N. E. 109; *Galutia* v. *Galutia,* 72 Kan. 70, 82 Pac. 461; 19 C. J. 257; 1 R. C. L. 931.) A wife in recovering alimony should be allowed the benefit of her accumulations which were contributed to the husband, as well as mere subsistence. (*Dinet* v. *Eigenmann,* 80 Ill. 274.) The obtaining of money by a husband from his wife under undue influence is held as being a ground for augmenting the allowance of alimony upon their divorce. (*Phillips* v. *Phillips,* 173 Ky. 608, 191 S. W. 482.)

MR. COMMISSIONER ROSE prepared the opinion for the court.

The appeal now before this court is from an order vacating and annulling a temporary restraining order and denying a permanent injunction. The plaintiff and appellant instituted this action to restrain the sheriff of Fergus county from selling certain lands at execution sale. The essential facts in the case are as follows: The plaintiff acquired title to the

lands involved herein under the homestead laws of the United States, after which the respondent Edna M. Bast procured a decree of divorce from him on the ground of extreme cruelty, in which decree she was awarded the care, custody and control of their minor child, $40 per month for the support and maintenance of the child, together with a judgment against her former husband for the sum of $3,900. Execution was issued upon this judgment and the appellant claimed said lands as exempt under and by virtue of the provisions of section 2296, U. S. Revised Statutes (sec. 4551, U. S. Comp. Stats.), for the reason that the judgment was founded upon debts contracted prior to the issuance of patent. Respondent claims that the judgment was an allowance of alimony, and it is with this question that we have to deal.

When the order to show cause came on for hearing in the trial court, it was stipulated and agreed: "That on October 15, 1919, final receipt from the United States Land Office issued to the plaintiff for the south half of the south half of section 9, township 17 north, of range 15 east, in Fergus county, Montana, the same being homestead entry Serial No. 035011; and thereafter on February 12, 1920, a patent from the United States of America duly issued to the plaintiff for said lands; that the said lands were filed upon by the plaintiff and title acquired thereto under the homestead laws of the United States, in particular Chapter 5 of Title 32, Revised Statutes of the United States; that prior to the commencement of this action by the plaintiff an execution based solely on the judgment against the plaintiff herein for the item of $3,900 set forth in the judgment in cause No. 8708, hereinafter mentioned, had duly and regularly issued out of this court in cause No. 8708, entitled *Edna M. Bast, Plaintiff,* v. *Nicholas G. Bast, Defendant,* and delivered to the sheriff of Fergus county, Montana, for levy; that pursuant thereto the sheriff levied upon the said lands hereinbefore described and had advertised the same for sale, said sale to be held at 2 o'clock P. M., on the 13th day of May, 1922, the date when plaintiff commenced this action to restrain said sale; that

the records and files of said cause No. 8708 aforesaid be introduced in evidence and considered by the court; that in the complaint in said cause, among other things, plaintiff alleges 'that plaintiff has advanced to and for the use of said defendant, since her marriage to said defendant, a sum in excess of $4,000 in lawful money of the United States of America, and said defendant has used funds in addition to this amount belonging to plaintiff for the payment of his own personal obligations and liabilities.' "

In said cause No. 8708 the court found as follows: "That plaintiff has advanced to and for the use and benefit of said defendant, since her marriage to said defendant, the sum of $3,750, lawful money of the United States, no part of which has been paid to plaintiff and which amount is due and owing to plaintiff from defendant, and which amount plaintiff is entitled to recover in this action." And the decree provides: "That plaintiff have and recover from the defendant the sum of $3,900, lawful money of the United States, together with her costs taxed at $54.10 herein, and that sum be and it is hereby declared to be a lien on any and all property of said defendant, real, personal, or mixed."

The said sum of $3,900 includes an attorney fee of $150 allowed to plaintiff in her divorce action. It is conceded that all the money was advanced to and for the use and benefit of appellant prior to the issuance of patent to him by the United States covering his homestead. The patent was issued February 12, 1920, the divorce decree was rendered and entered October 19, 1920, and this case was filed May 12, 1922.

Section 2296 (U. S. Rev. Stats.), *supra,* reads as follows: [1] "No lands acquired under the provision of this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuance of the patent therefor."

In order to entitle the plaintiff to the benefit of the exemption afforded by the foregoing statute, it was incumbent upon him to show by a fair preponderance of the evidence that the moneys advanced by his wife constituted a debt contracted by him and that the trial court so found. This he failed to do.

It will be observed, from an examination of the excerpt of respondent's complaint in her divorce action, that there is no allegation of any contractual relations between the parties concerning repayment of the moneys advanced. There is no allegation that the same was paid at the special instance and request of the husband, that a loan was intended; nor does it appear that he ever agreed to repay the same. The amount of the judgment is for less than the aggregate amount of moneys advanced.

The action was instituted by respondent to obtain a divorce and alimony, and was not a suit to recover a money judgment for the amount advanced. It is clearly apparent from the record that the trial court considered these matters in fixing the amount of the alimony and did not render judgment for debts contracted prior to the issuance of patent [2] to the appellant. Where a husband actually borrows money or property from his wife with the understanding at the time that it shall be repaid, he will be treated as her debtor. "The parties must have understood it to be a debt in order to raise a contract to repay." (1 Schouler on Domestic Relations, p. 552.)

The unexplained payment of money by a wife to her husband does not raise a presumption that a loan was intended, and she cannot enforce payment. Our statute, which gives to a married woman the rights which emancipate her from most of the disabilities of coverture and vests her with the legal capacities of a *feme sole,* does not abrogate the marital relation, so as to lay a foundation for the presumption that the advance of money by a wife to her husband is a loan or creates the relation of debtor and creditor. (*Spruance* v. *Equity Trust Co.* (Del. Ch.), 103 Atl. 577; *Coburn* v. *Storer,* 67 N. H. 86, 36 Atl. 607; *Kuhn* v. *Stansfield,* 28 Md. 210, 92 Am. Dec. 681; *Grove etc. Co.* v. *Radcliff,* 63 Md. 501; *Clark* v. *Patterson,* 158 Mass. 388, 35 Am. St. Rep. 498, 33 N. E. 589; *Beecher* v. *Wilson,* 84 Va. 813, 10 Am. St. Rep. 883, 6 S. E. 209.)

The law presumes that an advance of money by a wife to her husband is a gift, a gratuity; no contractual relationship is presumed, and no obligation arises therefrom. The allegation in the complaint that the husband had used money belonging to plaintiff for the payment of his own obligations does not tend to imply that the parties intended that any contract liability would arise. Therefore the respondent cannot and never could recover the money advanced by her. It may fairly be presumed that the money advanced was for the purpose of enhancing the value of the homestead, so that it cannot in any sense be considered a debt within the contemplation of the federal statute quoted.

Appellant in his answer in the divorce action denied each [3] and every allegation of said indebtedness having reference to the cash advanced by his wife, so that he cannot now consistently claim it was for debts contracted, having previously denied the same under oath. In the instant case the record and files of the divorce action were introduced in evidence and considered by the trial court, and it cannot be said that the evidence preponderates against the implied finding that the award of $3,750 was considered more in the nature of alimony or a property settlement than as a judgment for money loaned. Contributions of money or property by a [4] wife to her husband may be considered by the trial court in the light of circumstances affecting the amount of alimony to be awarded. The rule is laid down in 1 R. C. L. 931, as follows: "Equity and good conscience require that the husband shall not profit by his own wrong in forcing his wife to divorce him, and that restitution shall be made to her of the property which she brought to him or that a suitable sum in lieu thereof shall be allowed out of his estate." (*Hartshorn* v. *Hartshorn* (Okl.), 168 Pac. 822; *Cole* v. *Cole*, 142 Ill. 19, 34 Am. St. Rep. 56, 19 L. R. A. 811, 31 N. E. 109; *Galutia* v. *Galutia*, 72 Kan. 70, 82 Pac. 461; 19 C. J. 257; 2 Schouler on Domestic Relations, sec. 1822.)

The fact that the trial court allowed plaintiff $150 attorney's fee in her divorce action and included this amount in the

award of $3,900 contradicts appellant's theory that the $3,750 judgment was based upon a liability for breach of contract. The decree also provided that the judgment of $3,900 and the costs of suit be "declared to be a lien on any and all property of said defendant, real, personal, or mixed." Undoubtedly no such order would have been made had the judgment been for moneys loaned. Under section 5772, Revised Codes of 1921, the court may exact security for the payment of alimony, but such an order decreeing that said sum be a lien upon personal property would have been void had a straight money judgment been rendered. From this it is apparent that alimony was intended. Section 5771, Revised Codes of 1921, authorizes the allowance of alimony in a gross or lump sum. (*Cummins* v. *Cummins,* 59 Mont. 225, 195 Pac. 1031; *Robinson* v. *Robinson,* 79 Cal. 511, 21 Pac. 1095.)

Appellant's contention that the allowance of periodical [5] sums exhausts the jurisdiction of the court to award alimony in gross is without merit. It was decreed that plaintiff be awarded $40 per month "for the support and maintenance of the minor child." That the court has the power in divorce actions to make orders respecting the custody and support of the minor child is beyond question. Indeed, where no application is made, it is the duty of the court to make such provisions for the benefit of the child as the circumstances require, any agreement between the parents to the contrary notwithstanding. (*Kane* v. *Kane,* 53 Mont. 519, 165 Pac. 457.)

Lands acquired under the Homestead Act of Congress are [6] granted for the benefit of the entryman and his family, and section 2296, *supra,* merely exempts the same from execution sale for the benefit of antecedent creditors. In the case of *Buchser* v. *Morss* (D. C. Wash.), 196 Fed. 577, the court said: "Congress has never concerned itself with purely local and domestic relations such as the interest a wife shall have in property acquired by her husband either before or during the existence of the marital relation." And in *Mahoney* v. *Mahoney,* 59 Minn. 347, 61 N. W. 334, where a money judg-

ment was awarded to the wife, the court said: "The law proceeds upon the theory that the wife has an interest in the property of her husband. This is peculiarly true of a homestead, which is exempted from seizure and sale for debt, for the benefit of the wife and children, if any, as well as of the husband. This consideration, whether expressed in terms or not, lies at the foundation of all homestead exemption laws. * * * The court * * * may allow her a sum of money equivalent to her proper share of the homestead, and make the amount a specific lien on the land."

In the case of *Anderson* v. *Anderson,* 183 N. C. 139, 110 S. E. 863, it was held that the court in making allowance for the support and maintenance of an abandoned wife may place a lien upon the husband's homestead.

The trial court was justified in holding that the sum of $3,750 included in respondent's judgment and decree of divorce was not a judgment for money loaned, and therefore no error was committed in denying to appellant the protection of the federal statute, and we recommend that the action of the lower court in vacating the temporary restraining order and denying a permanent injunction be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the action of the district court in vacating the temporary restraining order and denying a permanent injunction is affirmed.

*Affirmed.*

Rehearing denied July 10, 1923.