## MERCHANTS BANK vs. GEORGE W. PAGE,
### RECEIVER.

*Fraudulent Conveyances—Preference to Creditor—Payment of Husband's Debt.*

The payment of an antecedent debt, by a conveyance from the debtor of all his property, in order to gain freedom from prosecution for fraud in the creation of the debt, involves merely a preference of that creditor, and cannot be attacked in equity as in fraud of other creditors.                    p. 609

A mortgage given by a wife on all her assets, in order to repay money fraudulently obtained by her husband, and to forestall the criminal prosecution of the latter, is no more than a voluntary gift, and as such may, under Acts 1920, ch. 395 (Fraudulent Conveyance Act), be avoided at the suit of a creditor of the wife.                         pp. 608-609

Under Acts 1920, ch. 395, a voluntary conveyance of all the assets of a grantor is void as to his creditors, even though the grantee is without knowledge of the fraudulent nature of the transaction, and the grantor is without actual intent to defraud.                    pp. 608-609

*Decided February 26th, 1925.*

Appeal from the Circuit Court for Wicomico County, In Equity (BAILEY, J.).

Bill by George W. Page, receiver of the Bank of White Haven, against the Merchants' Bank. From a decree for plaintiff, defendant appeals. Affirmed.

The cause was argued before BOND, C. J., URNER, ADKINS, DIGGES, PARKE, and WALSH, JJ.

*Alexander M. Jackson,* for the appellant.

*Amos W. W. Woodcock,* with whom were *Woodcock & Webb* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

This is a proceeding to set aside a mortgage as in fraud of the creditors of the mortgagor, under the Fraudulent Conveyance Act. Acts 1920, ch. 395. All the citations of statutory provisions in this opinion refer to that act. The question to be decided is whether a mortgage, given by a wife on all her assets, to repay money fraudulently obtained by her husband, thus forestalling criminal prosecution of the husband, may be avoided at the suit of a creditor of the wife herself.

Under an order of the Circuit Court for Wicomico County, passed on December 14th, 1921, the bank commissioner of the State became receiver of the Bank of White Haven of that county, and among the assets of the bank which came into his hands were found unpaid notes made by Hilton W. Robertson and his brother, Raymond Robertson, both of Washington, District of Columbia, and indorsed by Louise R. Robertson, the wife of Hilton W. Robertson. In her answer in this proceeding the wife admits liability on the indorsements. The husband was also indebted to the Merchants Bank of Washington for money fraudulently obtained by him from that bank, and steps had been taken looking to criminal prosecution, when, on December 29th, 1921, the wife gave her note for $10,000 of the indebtedness and, with her husband, executed a mortgage on real property owned by her at White Haven to secure payment of it. This was all the property which Mrs. Robertson owned. On a bill in equity by the bank commissioner the court below passed a decree setting aside the mortgage as in fraud of the wife's own creditors, and the present appeal is taken from that decree.

The evidence does not show an actual promise by the Merchants Bank to stifle prosecution of Robertson in consideration of the wife's note and mortgage; the notes representing the husband's previous fraudulent transactions were merely cancelled and surrendered in exchange. Whether this amounts to the compounding of a crime, which furnishes in itself no legal consideration (*Wildey v. Collier,* 7 Md. 273;

*Gotwalt v. Neal,* 25 Md. 434; *Ann. Cas.* 1913-A, 522), has been questioned; but the decision on the question seems unnecessary to the decision of this case. An antecedent debt is fair consideration for a conveyance. Section 3b of the act. And a debtor may pay such a debt, even with all his property, and as to creditors it would be nothing more than the creation of a preference of one of them, not to be reached in this kind of proceeding. *Castleberg v. Wheeler,* 68 Md. 266, 275; *Crane v. Barkdoll,* 59 Md. 534, 535; *Fuller v. Brewster,* 53 Md. 358. The additional facts that the debtor had defrauded the creditor preferred, and gained freedom from prosecution by the preference, would add nothing to the rights of other creditors. *Traders' Bank v. Steere,* 165 Mass. 389. If, therefore, the wife stood in her husband's shoes, and his antecedent debt was also hers, it would support her conveyance of all her property without reference to the compounding of the crime.

But the wife does not stand in the husband's shoes to this extent. In this case the wife was in no way liable for the indebtedness. She has her separate creditors, and these have first claim upon her assets; and the compounding of the crime, even if proved, furnishing no valid consideration for it, her conveyance to pay her husband's debt can amount to no more than a voluntary gift. It was probably made without thought of her separate liability, without actual intent to defraud her own creditors, and without knowledge by the grantee of the effect upon them. But a voluntary conveyance of all the assets of the grantor is void as to that grantor's creditors (section 4 of the act, *Grover v. Radcliffe,* 63 Md. 496, 502; *Kuhn v. Stanfield,* 28 Md. 210; *Worthington v. Bullitt,* 6 Md. 172); even though without knowledge by the grantee of the fraudulent nature of the transaction (section 4; *Richards v. Richards,* 98 Md. 136), and without actual intent on the part of the grantor to defraud (section 4; *Riley v. Carter,* 76 Md. 581, 600; *Schuman v. Peddicord,* 50 Md. 563). Therefore the conveyance here was void as against the complainant.

*Decree affirmed, with costs to the appellee.*