### DAVIS v. HUDSON TRUST CO. et al. *

Circuit Court of Appeals, Third Circuit.
October 1, 1928.

No. 3773.

*Certiorari denied 49 S. Ct. —, 73 L. Ed. —.

See, also, 8 F.(2d) 376.

Wall, Haight, Carey & Hartpence, of Jersey City, N. J. (Thomas G. Haight, of Jersey City, N. J., of counsel), for appellant.

Lionel P. Kristeller, of Newark, N. J., for appellee Hudson Trust Co.

Cornelius Doremus, of Ridgewood, N. J., for appellee Fidelity Title & Mortgage Guaranty Co.

Victor E. Whitlock, of New York City (Walter G. Winne and William J. Morrison, Jr., both of Hackensack, N. J., of counsel), for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from a decree of the District Court reversing an order of the referee in bankruptcy adjudging a mortgage to be invalid.

The trustee in bankruptcy instituted proceedings to set aside a mortgage executed by Frances S. Dyer, the bankrupt, to the Holt Power Light Company, hereafter called the Holt Company, on certain real estate in Bergen county, New Jersey. The mortgage was later assigned to the Hudson Trust Company. Its validity was guaranteed to the Hudson Trust Company by the Fidelity Guaranty Company, the other appellee.

F. Monroe Dyer, husband of the bankrupt, Mrs. Frances S. Dyer, is alleged to have sold treasury stock of the Holt Power Light Company and did not turn over to it the proceeds of his sales to the extent of $157,912.95. The Holt Company was, it is alleged, about to prosecute him for failure to account for the money and on June 8, 1922, when in New York he telephoned to

Mrs. Dyer, with the knowledge, understanding, and co-operation of the Holt Company, to meet him in Edgewood, N. J., just across the Hudson river from New York. When they met, upon his request she executed a bond and mortgage for $157,912.95, which had already been prepared, on a certain farm of 128 acres which she owned in Norwood, Bergen county, N. J. At that time Mrs. Dyer had many creditors. The execution of this mortgage rendered her insolvent. Her creditors have not been paid, and if the validity of the mortgage is sustained, they will never be paid.

The mortgage was not recorded until December 15th following. On June 23, 1923, an involuntary petition in bankruptcy was filed against Mrs. Dyer on which she was adjudicated a bankrupt on October 1, 1923. The cause was referred to George R. Beach, referee in bankruptcy, and on the 31st of that month Joseph M. Davis was elected trustee. The Holt Company assigned the mortgage to the Hudson Trust Company on April 12, 1924. In October, 1924, the trustee filed a petition in the bankruptcy proceedings attacking the validity of the mortgage on the grounds, among other things, that it was (a) fraudulent and void under the Uniform Fraudulent Conveyance Act of New Jersey, because it was given by the bankrupt without "fair consideration" and the making of it rendered her insolvent, and (b) in the alternative, if the mortgage is controlled by the laws of New York and not New Jersey, it was void for usury, the interest provided in the mortgage being 8 per cent. and the legal rate of interest in New York being 6 per cent.

The referee held the mortgage invalid under the New Jersey Uniform Fraudulent Conveyance Act as against both the original mortgagee and its assignee, the Hudson Trust Company. On review the District Court reversed the referee on the ground that the Hudson Trust Company was a purchaser of the mortgage for value without notice. From its order the trustee appealed to this court.

The questions at issue are two: (1) Was the mortgage fraudulent and therefore void as between the mortgagee and creditors of the mortgagor for want of "fair consideration"? and (2) if void as against the mortgagee, is it void as against the assignee also? The property has been sold and the proceeds of the sale are held intact and will abide the determination of this case.

"Fair consideration" is defined by sec-tion 3 of the Uniform Fraudulent Conveyance Act, 1 Comp. St. Supp. N. J. 1924, p. 647, § 44—144. "Fair consideration" is given for property, "when in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied." Conveyance under the act includes every payment of money, assignment, release, transfer, lease, mortgage, etc. Section 4 of the act provides that "every conveyance made * * * by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration." Section 44—145.

A wife in New Jersey may make a valid mortgage to pay or secure the debt of her husband, even though the mortgage be a voluntary gift on her part. But if she has creditors, the mortgage which will be sustained against all others, is void as to them. This is the law under the Uniform Fraudulent Conveyance Act and was the law in New Jersey before the act was passed. Campbell v. Tompkins, 32 N. J. Eq. 170, 172; Butterfield v. Okie, 36 N. J. Eq. 482; McMurtry v. Bowers, 91 N. J. Eq. 317, 109 A. 361.

The referee found that the giving of this mortgage rendered Mrs. Dyer insolvent. This fact seems to be established and was not questioned in the District Court nor is it here. This being the fact, her creditors at the time she executed the mortgage may have it set aside as provided in section 9 of the act (1 Comp. St. Supp. N. J. 1924, p. 648, § 44—150), unless a "fair consideration" was given for the property conveyed by her in the mortgage.

She received absolutely nothing for the mortgage. It is true, as counsel for appellees say, that "the agreement of a creditor to extend his debtor's time for payment, or to forbear suing on the claim, constitutes a valuable consideration for the promise of a third party to pay the debt." But we are not here dealing with a "valuable" consideration for the promise of a third party to pay another's debt. We are here dealing with what constitutes "fair consideration," which when given in good faith may prevent creditors from setting aside a conveyance under the Uniform Fraudulent Conveyance Act. The act itself defines the term as above quoted. No property was conveyed to Mrs. Dyer "as a fair equivalent" for the mortgage and she had no antecedent debt to the mortgagee to be satisfied by the mort-

gage. Her creditors may, therefore, set the conveyance aside as fraudulent unless it comes within the exception hereafter mentioned. Merchant's Bank v. Page, 147 Md. 607, 128 A. 272; Share v. Trickle, 183 Wis. 1, 197 N. W. 329, 34 A. L. R. 1016; Campbell v. Tompkins, supra; Butterfield v. Okie, supra; McMurtry v. Bowers, supra. This mortgage may have prevented prosecution of Mr. Dyer for money which he is alleged to have embezzled from the Holt Company. But, be that as it may, Mrs. Dyer was in no way liable for his indebtedness. However, nobody may complain at her act, except her creditors and they have first claim upon her property, and may set aside any conveyance of it, which rendered her insolvent, except when made to bona fide purchasers for a "fair consideration."

■■ That the fraud here may have been without "actual intent" does not affect the case. When the elements of fraud as defined by the act are present, the conveyance is fraudulent regardless of actual intent. Where a conveyance is fraudulent as to a creditor, he may have the conveyance set aside as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase. The District Court seemed to assume that the conveyance was fraudulent as to the Holt Company. At least, there is no statement made to the contrary. As above stated Mrs. Dyer did not owe anything to the Holt Company and was not liable for the obligations of her husband to it. She testified that she did not even know the character of the paper which she executed, but signed it because her husband told her to do so.

■ This, however, would not excuse her from the liability of her act, for she is presumed to know what she signed and is responsible for so doing. As between her and the Holt Company, she would have no defense, but the existence of creditors introduces a different question. The question of her insolvency at the time she executed the mortgage, the District Judge said, was academic, for the Hudson Trust Company was obviously a purchaser for a fair consideration to the extent of $55,000, with lawful interest from April 12, 1924. He held that the Hudson Trust Company comes within the exception, and was, therefore, a purchaser for fair consideration without knowledge of the fraud at the time of the purchase.

There is no question but that the Trust Company advanced $55,000 to the Holt Company for the mortgage. Under what condition it was assigned is not disclosed, except that the Fidelity Title & Mortgage Guaranty Company guaranteed the validity of the mortgage. But assuming without deciding that the assignee of a mortgage is a purchaser of the mortgaged property within the meaning of the act, the final question depends upon the knowledge which the trust company had when the assignment was made.

■ It knew that the assignment was made on April 12, 1924, nearly two years after the mortgage was executed and more than six months after Mrs. Dyer was adjudicated a bankrupt, the mortgage was given to secure the Holt Company against an alleged embezzlement of Mrs. Dyer's husband, who was then in bankruptcy, the mortgage was for nearly twice the value of the property covered by the mortgage by its appraisers, and that it bore more than the legal rate of interest. These circumstances were so suspicious that the trust company wisely required that the validity of the mortgage be guaranteed before it paid the money or advanced the "loan" of $55,000. No irregularity or anything appeared on the face of the mortgage to excite suspicion, except the usurious interest. The information which the trust company did have, however, seemed sufficient to cause it to require that the validity of the mortgage be guaranteed. This was a wise precaution and perhaps fully protects the assignee and nothing further from its point of view is necessary. If the assignee had been relying entirely upon the mortgage itself, and not upon the guaranty, was the knowledge which it had sufficient to put it upon inquiry? We think it was. With the knowledge which it possessed, a reasonably prudent man would not have stopped there, closed his eyes and said "I am a bona fide purchaser for 'fair consideration'" without knowledge. The circumstances put the trust company on its guard and in consequence instead of making further inquiry, it exacted a guaranty of the validity of the mortgage and that served its purpose and fully protected it.

What would a reasonably diligent inquiry have disclosed? It would have shown the assets and liabilities of Mrs. Dyer and that the execution of the mortgage would render her insolvent. With this knowledge and the knowledge of the provisions of the Uniform Fraudulent Conveyance Act, with which it is charged, it would have known that the mortgage was invalid as against her creditors and would not have purchased the

mortgage unless its validity had been guaranteed. The trust company is charged with the facts which the inquiry would have disclosed. Hoy v. Bramhall, 19 N. J. Eq. 563, 572, 97 Am. Dec. 687; Haslett v. Stephany, 55 N. J. Eq. 68, 78, 36 A. 498; Coder v. McPherson (C. C. A.) 152 F. 951, 953; Charles v. Roxana Petroleum Corporation (C. C. A.) 282 F. 983, 989; Wood v. Carpenter, 101 U. S. 135, 25 L. Ed. 807; Simmons Creek Coal Co. v. Doran, 142 U. S. 417, 437, 12 S. Ct. 239, 35 L. Ed. 1063. The trust company was not, therefore, "a purchaser for fair consideration without knowledge of the fraud at the time of the purchase."

Both the referee and the District Judge held that the New Jersey law governs this conveyance. The mortgaged property was located in New Jersey and the bond and mortgage were signed and delivered there. In fact, everything that Mrs. Dyer did in connection with the bond and mortgage began and ended in New Jersey. All the rights and remedies of the mortgagee contained in the bond and mortgage had to be enforced in New Jersey. We think the referee and District Judge correctly held that the conveyance is controlled by the laws of New Jersey. Flagg v. Baldwin, 38 N. J. Eq. 219, 48 Am. Rep. 308; Klinger v. Hyman (C. C. A.) 223 F. 257; Castellano v. Osborne (C. C. A.) 16 F.(2d) 187; Marcus v. Kane (C. C. A.) 18 F.(2d) 722.

We do not think that relief should be denied the trustee on the ground of laches, as contended, and the decree of the District Court is reversed.