[Civ. No. 14819. Second Dist., Div. Two. June 8, 1945.]

ELEANOR MERGENTHALER, Respondent, v. FRANK MERGENTHALER, Appellant.

Morris McLaughlin for Appellant.

Hahn, Graf & Ross and A. A. Goldstone for Respondent.

MOORE, P. J.—As a part of its decree of divorce the court awarded respondent support money and in addition thereto decreed "that the defendant pay to plaintiff the sum of $3,000, advanced by plaintiff to the defendant. . . ." On appeal from the quoted order appellant denies liability for the sums advanced, contends that such demand may not be united with an action for divorce, and pleads the two-year statute of limitations as a bar to her recovery. (Code Civ. Proc., § 339, subd. 1.) He abandoned his appeal from the order for respondent's support.

We are to determine first whether appellant incurred

an obligation to repay the moneys advanced. The parties had married on March 24, 1938. The action was filed on December 22, 1942. The court found that at the time of the marriage defendant orally agreed to provide respondent with the sum of $250 per month for the support of the household and for her personal expenses; that he had paid only a portion of the promised sums; that the advances had been made upon appellant's oral promise to reimburse respondent by paying her in full the monthly sums promised; that the sums so advanced aggregated $4,575.31, and in addition she paid for the renovation and repair of appellant's separate property the sum of $1,367.25; that of the total advances made the sum of $3,000 is due and unpaid to respondent.

That the parties made the oral agreement for the payment of the monthly sum was established by the testimony of respondent. She testified in detail as to each transaction, each conversation, each sum advanced and each sum repaid. She evidently kept careful accounts of moneys received and disbursed. Her total receipts from appellant in four and a half years aggregated $9,956.13. Under the agreement he owed her $13,500. In August, 1939, when she presented him with a statement of all the moneys she had advanced to him since their marriage appellant made no denial of its correctness or of his obligation to repay the sum. Throughout the period of coverture he made no objection to the advancement of funds by respondent for the maintenance of their home and for respondent's personal expenses; neither did he ever deny his promise to reimburse her.

The husband assumes responsibility for the support of his family and upon his failure to provide such support his wife is authorized to purchase on his credit whatever is necessary for her maintenance. (Civ. Code, § 174; *Title Insurance & Trust Co.* v. *Ingersoll*, 158 Cal. 474, 492 [111 P. 360].)

When a wife loans money from her separate estate to her husband she becomes one of his creditors. (*Littler* v. *Jefferis*, 36 Idaho 608 [212 P. 866]; *Bast* v. *Bast*, 68 Mont. 69 [217 P. 345]; *Morrison* v. *Morrison*, 174 Va. 58 [4 S.E.2d 776, 780].) His obligation to repay moneys used for family support arises from the distinct agreement to repay. (*Bast* v. *Bast, supra.*) She is entitled to retain her own separate estate and is under no obligation to support the family. (Civ. Code, § 174.) The want of such understanding was the reason for

the reversal in the Thomson case cited by appellant. (*Thomson v. Thomson*, 81 Cal.App. 678 [254 P. 644].) The Thomsons had commingled their separate properties and Mrs. Thomson consented that her moneys be used to defray family expenses. That case is not support for appellant who had definitely agreed to repay advances to be made by his wife.

Appellant vainly contends that respondent's demand for money advanced during her marriage was improperly united with her action for divorce. The obligation had its genesis in the marital status. It was proper upon a dissolution of the marriage for the court to determine all issues arising as a result of that relation. It is a principle of chancery that a court of equity will if possible dispose of all issues between the litigants in one judgment in order to preclude further litigation. (*Sonnicksen* v. *Sonnicksen*, 45 Cal.App. 2d 46, 52 [113 P.2d 495]; *Rolapp* v. *Federal Building & Loan Association*, 11 Cal.App.2d 337 [53 P.2d 974]; *Zellerbach* v. *Allenberg*, 99 Cal. 57 [33 P. 786].) The same practice has been carried into legal transactions to avoid a circuity of action and multiplicity of suits by adjudication in one judgment of all controversies of the parties arising out of a particular transaction. (*Dobbins* v. *Horsfall*, 58 Cal.App.2d 23 [136 P.2d 35].) Had appellant sued respondent for divorce she would have been privileged to plead in a cross-complaint all claims against her husband originating in the marriage relation. (Code Civ. Proc., § 442.) This would include claims for restoration of her separate property which he might have gained unfairly. What may be claimed in a cross-complaint may with no less propriety be alleged in the original pleading.

In some jurisdictions the court is authorized by statute on granting a divorce to restore to the wife her property which has been appropriated by her husband. (*Coleman* v. *Coleman*, 180 Okla. 574 [72 P.2d 369]; *Davison* v. *Davison*, 125 Kan. 807 [266 P. 650].) But such a statute is not essential to the power of a court of equity to award a judgment in favor of the wife or necessary to the validity of an order for the return of her own property to her by her husband in conformance with his agreement to do so or where he has taken advantage of the marriage relation to gain its possession. (C.J.S., p. 1132.)

Respondent's claim for her moneys advanced was not barred by the language of Code of Civil Procedure, section 339, subdivision 1. The arrangement for the advance of money by respondent under the agreement that such sums were to

be repaid by appellant continued through the four and one-half years of their marriage. The sums aggregating $9,956.13 paid by appellant pursuant to his promise were, as paid, properly credited by respondent to the liquidation of the husband's debts in the order of their seniority, and the court was justified in adopting the same procedure. Thus by applying his payments of $9,956.13 to his obligation he had discharged his indebtedness for the years 1938, 1939, 1940, and to July, 1941. Clearly his debt of $3,000 for one year preceding the filing of the action was not barred, even if his obligation should be treated as that of a stranger.

But upon another substantial ground no portion of respondent's demand is barred. By virtue of their prenuptial agreement she was deprived of all participation in the acquêts and gains after marriage. But such arrangement did not defeat their confidential relationship as husband and wife. Such relation is presumed to exist, and if the husband obtains an advantage over his wife the burden is upon him to show that the transaction is fair and just and was fully understood by her. In every transaction between them equity raises a presumption against its validity. (*Estate of Cover*, 188 Cal. 133, 143 [204 P. 583].) Therefore the trust continues until repudiated, and the claim of the wife is not barred by the mere passing of time during the years of the marriage. (*Thomson v. Thomson, supra.*) In an action by a wife for the recovery of her property from her husband, statutes of limitation do not affect her rights "since she cannot be expected to treat her husband as a stranger." (*Cary* v. *Cary*, 159 Ore. 578, [80 P.2d 886, 121 A.L.R. 1371].)

Finally, the demurrers were properly overruled. As to the general demurrer the facts alleged state the typical action for divorce on the ground of cruelty: he frequently battered her head, kicked and pushed her out of their home and called her obscene names. As to the special demurrer that she combined an action for divorce with a demand for the return of her separate property, the pleading is in correct form. A complaint for divorce may contain a statement of the appropriate facts, and where claim is made that the offending spouse has unjustly appropriated property of the plaintiff the latter may demand that a trust be impressed upon the community property or that a lien be fixed upon defendant's separate property or that plaintiff be otherwise

made secure. (*Nichols* v. *Nichols,* 135 Cal.App. 488 [27 P.2d 414] ; *Callnon* v. *Callnon,* 7 Cal.App.2d 676, 681 [46 P.2d 988]. Equity frowns upon litigation by piecemeal. (*Borg* v. *Borg,* 25 Cal.App. 25, 31 [76 P.2d 218].) When it has once obtained jurisdiction of a cause, equity will dispose of the entire controversy. (*Foy* v. *Foy,* 23 Cal.App.2d 543 [73 P.2d 618] ; *Sonnicksen* v. *Sonnicksen, supra.*)

The judgment is affirmed.

McComb, J., concurred.

· Appellant's petition for a hearing by the Supreme Court was denied August 6, 1945. Schauer, J., voted for a hearing.