[Civ. No. 20515.   First Dist., Div. Three.   May 1, 1963.]

JOHN GERALD VIDES, Plaintiff and Respondent, v. MAXINE E. VIDES, Defendant and Appellant.

MAXINE E. VIDES, Plaintiff and Appellant, v. JOHN GERALD VIDES, Defendant and Respondent.

(Consolidated Cases.)

R. Edward Burton for Appellant.

Molly H. Minudri for Respondent.

DRAPER, J.— Each party to this divorce action was granted interlocutory decree on the ground of the other's extreme cruelty. During their two-year marriage, the parties purchased a home in San Francisco. Each paid half the downpayment from separate property. They jointly executed two installment notes secured by deeds of trust, for the purchase price balance. Payments of $110 and $24.50 per month were required. The deed ran to them as joint tenants, but each pleaded, and the court found, that the home was community property. Upon their separation the husband left the home. During the 18 months from separation to interlocutory decree, his earnings concededly were community property, and are agreed to have been the only such property available to pay the installments. He refused to make any payments on the first deed of trust, and some six months after separation refused to make further payments on the second deed of trust. The wife paid from her own earnings the installments which husband refused to pay.

In effecting equal division of the community property, as required under the decrees of divorce here (*De Burgh* v. *De Burgh,* 39 Cal.2d 858, 874 [250 P.2d 598]), the interlocutory decree directed that the home, which was the principal item of community property, be sold, and the net proceeds divided equally between the spouses. Neither questions the authority of the court to order sale, and both joined in completing sale at some unspecified date after the interlocutory decree. The decree, however, refused to permit wife to recoup from the net sales price the sums she had paid on account of the deeds of trust. The propriety of this determination is the sole issue on appeal.

The wife's earnings after separation were her separate property (Civ. Code, § 169), and were found by the court to be

so. Thus the effect of the decree is to award her separate property to the husband to the extent of half the payments by which she enhanced the community asset.

It is apparent that the trial court considered itself bound to this result by two rules. One states that if a spouse pays community debts from separate property when community funds have been exhausted, he is entitled to reimbursement by the community when its funds are replenished (*Hill* v. *Hill,* 82 Cal.App.2d 682, 698 [187 P.2d 28]; *Thomasset* v. *Thomasset,* 122 Cal.App.2d 116, 126 [264 P.2d 626]; *Kenney* v. *Kenney,* 128 Cal.App.2d 128, 136 [274 P.2d 951]; *Mears* v. *Mears,* 180 Cal.App.2d 484, 508 [4 Cal.Rptr. 618]). None of these cases states or infers the rule here applied — that exhaustion of community funds is a condition precedent to reimbursement from the community for separate funds used to pay community debts. Moreover, such a rule would be of doubtful application here, for the husband's exercise of his control of the only community funds to refuse use of them for payment of the debt he joined in creating seems tantamount to the lack of community funds for payment.

The other rule relied upon by husband is that a wife is entitled to reimbursement from the husband for her separate property advanced to pay community debts only when there has been an agreement by the husband to repay (*Blackburn* v. *Blackburn,* 160 Cal.App.2d 301 [324 P.2d 971]; *Thomson* v. *Thomson,* 81 Cal.App. 678, 684 [254 P. 644]; cf. *Merganthaler* v. *Merganthaler,* 69 Cal.App.2d 525, 527 [160 P.2d 121]). In all of those cases, however, the wife sought a personal judgment against the husband, and no such request is made here.

Rather, the wife here seeks reimbursement only from the asset which her payments from separate property preserved for the community. To the extent that these payments applied to principal, they increased the equity which the spouses were to divide upon sale. To the extent that they were applied to interest, they preserved that equity against disposal under the powers of sale in the deeds of trust. Clearly the husband should not receive a windfall by reason of the wife's payment of a community obligation which he had joined in creating, and which was unpaid from community funds only because he refused to apply them thereto.

In our view, the wife's use of her separate funds to discharge this obligation of the community gives her a right at least akin to subrogation (Civ. Code, § 2903).

The interlocutory decree is modified to provide that from the net proceeds of sale of the home the wife shall first be reimbursed for installments paid, before entry of interlocutory decree, from her separate property upon the two deeds of trust, the proceeds then remaining to be divided equally between the spouses. As so modified, the judgment is affirmed. Each party shall bear his own costs on appeal.

Salsman J., and Devine, J., concurred.