**In re Beverly NELSEN, Debtor.**

**Bankruptcy No. 381–00197.**

United States Bankruptcy Court, D. Oregon.

Nov. 5, 1982.

Terry DeSylvia, Portland, Or., for debtor.

Richard C. Josephson, Portland, Or., for claimant.

David A. Foraker, Portland, Or., for trustee Robert K. Morrow.

## ORDER DISALLOWING CLAIM OF BRIDGESTONE TIRE COMPANY OF AMERICA, INC. UNLESS FURTHER SHOWING IS MADE

DONAL D. SULLIVAN, Bankruptcy Judge.

The trustee objected to the allowance of the claim of Bridgestone Tire Company of America, Inc. on the grounds that the claim arose from an obligation which is voidable as fraudulent under 11 U.S.C. § 548(a)(2)(A) and (B)(i).

Bridgestone filed a claim for $603,075.96 based upon the debtor's guaranty of the debts of Niel Nelsen Tire Company, a cor-

poration in which her husband was a principal. Mrs. Nelsen guarantied the corporate debt on November 18, 1980 and creditors filed an involuntary petition in bankruptcy against the debtor on January 23, 1981. $98,001.60 of Bridgestone's claim arose from the delivery of tires to the corporation during the three months intervening between Mrs. Nelsen's guaranty and the filing of the bankruptcy petition. The parties agreed that at all relevant times Mrs. Nelsen was insolvent within the meaning of 11 U.S.C. § 101(26).

The objection of the trustee to Bridgestone's claim should be sustained in the absence of further showing for the reason that the debtor did not receive "reasonably equivalent value" in return for her assumption of either the antecedent portion of the debts of the company or the portion of the debts arising from the subsequent delivery of tires, within the meaning of 11 U.S.C. § 548(a)(2)(A) and (d)(2)(A).

■■■ The payment of or the assumption of a third person's debt by an insolvent is fraudulent as to the insolvent's creditors under both the old Bankruptcy Act and the new Bankruptcy Code unless the insolvent receives fair equivalent value. Former 11 U.S.C. § 107(d)(2); present 11 U.S.C. § 548(a); *Davis v. Hudson,* 28 F.2d 740 (3d Cir.1928), *cert. den.* 278 U.S. 655, 49 S.Ct. 179, 73 L.Ed. 565 (1929); *In Re B–F Building Corp.,* 312 F.2d 691 (6th Cir.1963); *Bullard v. Aluminum,* 468 F.2d, 11, 14 (7th Cir.1972); *Matter of Christian,* 584 F.2d 326, 337 (9th Cir.1978); *Hansen v. Cramer,* 39 Cal.2d 321, 245 P.2d 1059 (1952). Where there is sufficient commingling of the affairs of a debtor with the affairs of a third party to establish "identity of interest", the Court may, under compelling circumstances, ignore the separate existence of two debtors for the purpose of finding a transfer to both debtors of equivalent value. *McNellis v. Raymond,* 287 F.Supp. 232, 239 (N.D.N.Y. 1968).

■■ The new Bankruptcy Code requires an antecedent debt to be the debt of the transferor or of the new obligor in order to support a finding of "value". For this rea-

son, cases such as *Williams v. Twin City,* 251 F.2d 678 (9th Cir.1958) are overruled by the Code to the extent that they may be contrary. 11 U.S.C. § 548(d)(2)(A). In addition, contract cases such as *Ethyl v. Jalbert,* 270 Or. 651, 529 P.2d 368 (1974) are inapplicable for the reason that "reasonably equivalent value" or "fair equivalent" within the meaning of 11 U.S.C. § 548(a)(2)(A) or Section 3 of the Uniform Fraudulent Conveyance Act are distinct and different concepts from the contract principle of consideration and because of the added element of insolvency. *See Davis v. Hudson, supra,* 28 F.2d at 742.

The debtor's assumed right to be subrogated to Bridgestone might, under normal circumstances, constitute fair equivalent value if Bridgestone held or received equivalent security or if the corporate principal was solvent at the time of the initial guaranty or subsequent advances of credit. Assuming that Niel Nelsen Tire Company was insolvent at all times and that there was no equivalent security granted to Bridgestone, the right of subrogation would not supply equivalency, even in the partial sense, because of the subordination rule illustrated by 11 U.S.C. § 509(c) which I find was applicable prior to the bankruptcy under the common law.

Bridgestone has not established identity of interest between the debtor and her husband's corporation to justify a finding that she received equivalent value within the meaning of those cases recognizing this exception. Marriage alone is insufficient under today's law.

Bridgestone is allowed 10 days to apply for a hearing on the subrogation issue and the question of whether Niel Nelsen Tire Company was insolvent at the time of the guaranty or at the time of advances or whether Bridgestone held equivalent security. Otherwise, the claim is disallowed.

IT IS SO ORDERED.