NEUMEYER, Appellant, vs. WEINBERGER and others, Defendants: ERTL, Respondent.

*December 5, 1940—January 7, 1941.*

For the appellant there was a brief by *Husting & Pike* of Mayville, and oral argument by *Robert P. Pike*.

For the respondent there was a brief by *George C. Wheeler* and *Harvey Schellpfeffer*, both of Mayville, and *Lueck, Skupniewitz & Lueck* of Beaver Dam, and oral argument by *Mr. Arthur W. Lueck* and *Mr. Wheeler*.

FAIRCHILD, J.   The evidence does not sustain the findings of fact that the respondent Rose Weinberger was discharging a lawful obligation existing against her in transferring this money to the respondent Ertl.   She was the wife of Leonard Weinberger who was indebted to Ertl for services rendered and because of the liability of Ertl upon a note which he had signed with Leonard Weinberger.   These obligations were separate from the estate belonging to Rose Weinberger.   Ertl testified in part as follows:

"*Q.* February 3, 1939, how much was Leonard A. Weinberger owing you?   *A.* That is $300 some, I got to advance this note, and an old threshing bill."

Rose Weinberger's testimony upon this point is that Ertl never demanded payment of her individually, but that he came, as a matter of fact, to ask her husband to pay up. Respondent insists that "at and just prior to the execution of the assignment Mrs. Weinberger and her husband executed to Ertl her demand note for $1,045 bearing four per cent

interest. She thereby became absolutely liable to him in that sum, and this liability will of necessity persist until fully paid." But at the time she attempted to transfer this money to Ertl to discharge her husband's indebtedness, she had creditors of her own and she was not indebted to Ertl. She was in no way liable for the indebtedness to him, and her separate creditors had the first claim upon her assets.

While we believe the evidence set out above shows the true state of affairs as existing between Rose Weinberger and Ertl, we do not overlook her testimony in the nature of a conclusion that she and her husband were indebted to Ertl in the sum of $300. That indebtedness arose out of her husband's business, and no legal obligation existed at any time on her part to pay her husband's debt of $300 to Ertl.

After the assignment, the administrator of the estate of defendant Rose Weinberger's father made two payments totaling $150.44 on account of the defendant's share in the estate. Neither she nor Ertl seemed to know who got the money or where it is, although each signed a receipt for it.

Under the Uniform Fraudulent Conveyance Act as adopted in Wisconsin by ch. 242, Stats., the discharge of a debt of another does not constitute a fair consideration for a conveyance by one who is not responsible therefor, and "every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors" of the one making the assignment or transfer "without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration." Sec. 242.04, Stats.

We do not see on what theory Ertl's claim can be allowed in arriving at the consideration for the assignment by Mrs. Weinberger. As said by Mr. Justice JONES in *Share v. Trickle,* 183 Wis. 1, 9, 197 N. W. 329, 34 A. L. R. 1016, "it would be in effect holding that in transactions of this kind between husband and wife, one spouse may pay the debts of

the other to the detriment of creditors of the former." The evidence shows that after the giving of the assignment to Ertl she did not own any property and that all her husband had any claim to was incumbered in some way. She testified that the assignment conveyed all the property she had at that time. In addition to what she owed appellant she was liable on other notes which she had signed with her husband. It thus becomes apparent that she was insolvent within the meaning of sec. 242.02 (1), Stats., which defines an insolvent person as one whose estate is such that the "present fair salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured."

It being considered that this voluntary conveyance of all the assets of Rose Weinberger is void as to her creditors, a decision upon other questions raised, such as intentional fraud, seems unnecessary to the disposition of this case. See *Share v. Trickle, supra; Merchants' Bank v. Page,* 147 Md. 607, 128 Atl. 272; *Davis v. Hudson Trust Co.* (3d Cir.) 28 Fed. (2d) 740 (*certiorari* denied, 278 U. S. 655, 49 Sup. Ct. 179, 73 L. Ed. 565).

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in accordance with the prayer of plaintiff's complaint.