[L. A. No. 21902. In Bank. July 16, 1952.]

E. C. HANSEN, Appellant, v. CAROLE CRAMER et al., Respondents.

Marshall & Farnham, J. F. Marshall and Theodore G. Lee for Appellant.

Parker, Stanbury, Reese & McGee and John H. Peckman for Respondents.

SPENCE, J.—Plaintiff appeals from a judgment of non-suit in an action to set aside a conveyance allegedly made to defraud creditors. Viewing the evidence in the light most favorable to plaintiff, with every legitimate inference drawn in his favor and inconsistencies disregarded (*Berger* v. *Lane,* 190 Cal. 443, 452-453 [213 P. 45] ; *Milana* v. *Credit Discount Co.,* 27 Cal.2d 335, 342-343 [163 P.2d 869, 165 A.L.R. 621]),

it must be concluded that the court erred in granting defendants' motions for nonsuit made at the close of plaintiff's case.

Plaintiff's assignor obtained a judgment against defendant Carole Cramer on October 27, 1948, on a cause of action for false arrest which accrued in February, 1947. On October 1, 1948, and while the false arrest action was on trial, defendant Carole Cramer executed and delivered a deed to the property in question to defendant Coury. The only consideration given her for the deed was the cancellation of an antecedent debt owed by her husband, defendant Paul Cramer, to defendant Coury. Defendant Carole Cramer had no other property out of which the judgment of plaintiff's assignor could be satisfied, and this action was brought to set aside said deed.

The parties do not dispute that title to the property conveyed stood in the name of defendant Carole Cramer, and that she alone executed the deed in question. There also is no dispute that the debt cancelled by defendant Coury in exchange for the deed was owed solely by defendant Paul Cramer.

Section 3439.04 of the Civil Code provides: "Every conveyance made . . . by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made . . . without a fair consideration." In view of this section, the only questions here presented are: (1) Was plaintiff's assignor a creditor of the grantor at the time of the conveyance; and (2) Was the cancellation of the antecedent debt of the grantor's husband "a fair consideration" within the meaning of the statute?

It is well settled in this state that the relationship of debtor and creditor arises in tort cases the moment the cause of action accrues. (*Allee* v. *Shay,* 92 Cal.App. 749, 758-759 [268 P. 962] ; *McKinney* v. *Wright,* 105 Cal.App. 401, 406-407 [287 P. 506] ; see, also, Civ. Code, §§ 3429, 3430; *Chalmers* v. *Sheehy,* 132 Cal. 459, 465 [64 P. 709, 84 Am.St. Rep. 62] ; *Withrow* v. *National Surety Co.,* 122 Cal.App. 242, 246 [10 P.2d 83]. Accordingly, it appears from the above facts that the plaintiff's assignor was a creditor of defendant Carole Cramer at the time she executed and delivered the deed in question to defendant Coury.

As shown by the testimony of defendant Coury (Code Civ. Proc., § 2055), the debt owing to him and cancelled in

consideration of the said deed was one arising from a business contract between himself and defendant Paul Cramer. The debt was therefore owed by said Paul Cramer, and his wife's separate property was not liable therefor. (Civ. Code, § 171.) The property conveyed, standing in his wife's name, was presumptively her separate property (Civ. Code, § 164), and the record discloses no evidence to rebut this presumption. The conveyance involved thus appears to be one made in consideration of the discharge of the antecedent debt of another. Is this "fair consideration" within the meaning of the Uniform Fraudulent Conveyance Act? (Civ. Code, div. 4, pt. 2, tit. 2, § 3439 et seq.; Stats. 1939, ch. 329, p. 1667.)

"Fair consideration" is defined by section 3439.03 of the Civil Code as the exchange of property or the satisfaction of an antecedent debt which is the "fair equivalent" of the property conveyed. ■ However, the antecedent debt alleged in support of the conveyance must be a legally enforceable obligation of the grantor, and the discharge of the debt of another does not, within the meaning of the Fraudulent Conveyance Act, constitute a fair consideration for a conveyance by one who is not responsible therefor. It was so held in *Neumeyer* v. *Weinberger*, 236 Wis. 534 [295 N.W. 775, 776], where the wife's assignment of all her assets to her husband's creditor in satisfaction of her husband's debts was held void as to her creditors. (See, also, *Davis* v. *Hudson Trust Co.*, 28 F.2d 740, cert. den. 278 U.S. 655 [49 S.Ct. 179, 73 L.Ed. 565].) A similar conclusion was reached in *Merchants' Bank* v. *Page*, 147 Md. 607 [128 A. 272], where it was held that a mortgage executed by a wife in repayment of money fraudulently obtained by her husband, thus forestalling an impending criminal prosecution of the husband, was void as to the wife's creditors. ■ ■ As was stated by the court in *McCaslin* v. *Schouten*, 294 Mich. 180 [292 N.W. 696 at 699] : "What constitutes 'a fair equivalent' or 'a fair consideration' under the Fraudulent Conveyance Act must be determined from the standpoint of creditors. The debtor might be satisfied to give his assets to a stranger or to exchange them for some worthless chattel. But the law will not permit him to do so if he thereby renders himself uncollectible to the detriment of his creditors." (See, also, 37 C.J.S. § 155, sub. a, p. 976; *Hollander* v. *Gautier*, 114 N.J.Eq. 485 [168 A. 860, 862]; *Kline* v. *Inland Rubber Corp.*, ——Md. —— [69 A.2d 774, 780].) ■ The test in determining the propriety of a creditor's challenge of a con-

veyance for lack of a "fair consideration" within the meaning of the act depends on whether the debtor is thereby rendered execution proof, and the existence of any intent of fraud on the part of either the grantor or the grantee is an immaterial factor. (*Merchants' Bank* v. *Page* [Md.] *supra*, 128 A. 272, 273.)

From the evidence before the trial court, it would appear that defendant Carole Cramer did not receive "fair consideration" for her conveyance and since she was thereby rendered insolvent, the conveyance was void as against plaintiff. Since the antecedent debt discharged was that of a third person, her husband, for which she was not liable, this case presents no question as to the right of a debtor, in the absence of fraud, to exercise a preference in the payment of his own creditors. (Civ. Code, § 3432; *United States Fid. & Guar. Co.* v. *Postel*, 64 Cal.App.2d 567, 572 [149 P.2d 183].) Under the circumstances, the trial court erred in granting defendants' motions for nonsuit.

The judgment is reversed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., and Traynor, J., concurred.

SCHAUER, J.—I concur in the judgment. I think, however, that the concluding paragraph of the majority opinion is too broad in the light of any evidence I have been able to find in the record. That paragraph says: "From the evidence before the trial court, it would appear that defendant Carole Cramer did not receive 'fair consideration' for her conveyance and since she was thereby rendered insolvent, the conveyance was void as against plaintiff."

This is an action to set aside a conveyance allegedly executed to defraud plaintiff, a judgment creditor of defendant Carole Cramer. The judgment held by plaintiff against Carole is based on a tort which she committed. The testimony of defendant Coury, called as a witness by plaintiff under section 2055 of the Code of Civil Procedure, indicates that a debt owed Coury by defendant Paul Cramer (Carole's husband), was cancelled in return for the deed (to Coury) from defendant Carole Cramer, and that such debt represented payments past due to Coury as lessor of certain business property held by Paul Cramer as lessee, from which Coury had threatened to oust Cramer unless the debt was paid. If, upon a retrial of this action defendants establish

that Carole Cramer possessed a community property interest in the business conducted by her husband, or in the earnings thereof, and gave the deed in order to protect such interest, then I think a different question might be presented as to whether her conveyance was made "without a fair consideration" under the terms of section 3439.04 of the Civil Code.

On such a retrial the matters of whether the business and its earnings constituted community property, whether Carole's tort (on which plaintiff's judgment is based) was committed before or after her marriage to Paul Cramer, and whether community property of Paul and Carole is liable for such tort (see Civ. Code, §§ 170, 171a; *Johnson* v. *Taylor* (1931), 120 Cal.App.Supp. 771 [4 P.2d 999] ; *White* v. *Gobey* (1933), 130 Cal.App.Supp. 789 [19 P.2d 876] ; *Smedberg* v. *Bevilockway* (1935), 7 Cal.App.2d 578, 581-583 [46 P.2d 820] ; *Medical Finance Assn.* v. *Allum* (1937), 22 Cal.App.2d Supp. 747 [66 P.2d 761] ; *McClain* v. *Tufts* (1947), 83 Cal.App.2d 140 [187 P.2d 818] ; 5 Cal.Jur. 353, § 31; 3 Cal.Jur., 10-Yr.Supp. 667-668, § 149; see, also, 21 So.Cal.L.Rev. 388; 22 Cal.L.Rev. 554; *McCaslin* v. *Schouten* (1940), 294 Mich. 180 [292 N.W. 696]), would appear relevant to the issues of "fair consideration" and validity of the conveyance. We should not (as was held in *Hampton* v. *Superior Court* (1952), 38 Cal.2d 652, 657 [241 P.2d 1], to have occurred in *Young* v. *Hampton* (1951), 36 Cal.2d 799, 806 [228 P.2d 1, 19 A.L.R.2d 830]) use language so broad as to render res judicata or law of the case an issue which has never been litigated.