Filed 9/20/13  Tai v. Von Till CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| CHI TAI etc., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> STEPHEN F. VON TILL, <br><br> Defendant and Appellant. | A136881 <br><br> (Alameda County <br> Super. Ct. No. RG12625924) |

In this appeal, attorney Stephen F. Von Till (appellant), appeals from the overruling of his demurrer and the denial of his two related motions to strike the complaint of respondent Chi Tai, doing business as Peralta Auto Center, alleging appellant's participation in a fraudulent transfer of real property and in a civil conspiracy (Fraudulent Transfer Action).

The Fraudulent Transfer Action alleged that appellant had earlier filed a civil action in the Alameda County Superior Court on behalf of Alex Novak (Case No. HG07344892) against respondent in 2007, to recover damages for personal injuries Mr. Novak received as a result of an automobile accident that occurred in September 2005 (Personal Injury Action).  Prior to trial of the Personal Injury Action, respondent served an offer to compromise under Code of Civil Procedure section 998 in the amount of $18,000.00, which Novak rejected.

Thereafter, the Personal Injury Action proceeded to a jury trial and resulted in a defense verdict in favor of respondent.  Judgment was entered in respondent's favor on June 14, 2011, which included an award of costs.  Ultimately, on December 14, 2011, an

1

amended judgment was entered awarding respondent a total of $101,107.32 in costs, including expert witness fees.

The Fraudulent Transfer Action complaint further alleged that, while the cost motion was pending, and before the amended judgment was entered, Mr. Novak, with the assistance of appellant, transferred his Fremont residence to his daughter, defendant Paula Novak. Soon after this transfer in September 2011, Mr. Novak died. On information and belief the complaint alleges that after Mr. Novak's death, Paula Novak listed the residence for sale at a price of $384,000.00.

After answering the Fraudulent Transfer Action complaint , on June 8, 2012, appellant filed a demurrer and motion to strike contending that the trial court erred in failing to dismiss the conspiracy claims because respondent failed to comply with Code of Civil Procedure section 1714.10, and because the actions alleged against appellant were subject to the litigation privilege (Civ. Code, § 47, subd. (b)). Defendant Paula Novak joined in the demurrer and motion to strike. The following month, appellant filed a separate motion to strike the Fraudulent Transfer Action against him under Code of Civil Procedure section 425.16, the anti-SLAPP statute.[1]

Both motions to strike, as well as appellant's demurrer, were heard by the trial court on August 17, 2012, and denied and overruled, respectively. On October 16, 2012, appellant filed a notice of appeal from the denial of both motions to strike and the overruling of his demurrer.

While the appeal in the Fraudulent Transfer Action was pending, Paula Novak filed an appeal from the adverse judgment entered against her in the Personal Injury Action. That appeal was assigned to Division Three of this district. Division Three filed its opinion in the Personal Injury Action appeal on May 24, 2013, reversing the judgment against Paula Novak, and remanding the case back to the trial court "for further proceedings consistent with this opinion." Paula Novak was also awarded her costs

---

[1] Apparently, defendant Paula Novak's pleading seeking to join in the anti-SLAPP motion to strike was rejected for failing to pay a filing fee.

incurred on appeal.  (*Novak v. Continental Tire North America, Inc.* (May 24, 2013, A133073 [nonpub. opn.].)  Respondents in that case, Continental Tire North America, Inc. and Chi Tai, doing business as Peralta Auto Center, then filed a petition for rehearing with Division Three, which was denied on June 12, 2013, and the remittitur issued on July 25, 2013.

In light of these subsequent events in the Personal Injury Action, this court issued an order requesting supplemental briefing on the following issues:

"1.  What effect, if any, does the reversal in appeal A133073, and the anticipated vacation of the cost award in respondent's favor, have on the civil conspiracy claim made by respondent against appellant in appeal A136881, and on the appeal from the trial court's overruling of appellant's demurrer and denying of the motion to strike for non-compliance with Code of Civil Procedure section 1714.10?  In addressing this issue, the parties are asked, inter alia, to address whether the reversal in A133073 renders this appeal moot or premature.

"2.  If the reversal in appeal A133073 has no effect on the pendency of appeal A136881, then should this court stay appeal A136881, pending resolution of case A133073?"

The parties' supplemental briefs now have been submitted.

In *Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559 (*Wilson & Wilson*), a land use lawsuit resulted from Redwood City's approval of a combined retail-cinema office and parking project.  The plaintiff's legal challenge to the city's resolutions and contracts allowing the project to go forward was not completed in the trial court before the project was substantially completed.  Our colleagues in Division Five reversed the trial court's judgment entered in favor of the plaintiff despite the already completed status of the project.  (*Id.* at p. 1563.)  In the course of its analysis, the court discussed the doctrine of mootness, and its applicability to that case:

"A case is considered moot when 'the question addressed was at one time a live issue in the case,' but has been deprived of life 'because of events occurring after the judicial process was initiated.'  (*Younger v. Superior Court* (1978) 21 Cal.3d 102,

3

120 . . . .)  Because ' "the duty of . . . every . . . judicial tribunal . . . is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or . . . to declare principles or rules of law which cannot affect the matter in issue in the case before it[,] [i]t necessarily follows that when . . . an event occurs which renders it impossible for [the] court, if it should decide the case in favor of plaintiff, to grant him any effectual relief whatever, the court will not proceed to formal judgment . . . ." [Citations.]' (*Consol. etc. Corp. v. United A. etc. Workers* (1946) 27 Cal.2d 859, 863 . . . .)  The pivotal question in determining if a case is moot is therefore whether the court can grant the plaintiff any effectual relief.  (*Giles v. Horn* (2002) 100 Cal.App.4th 206, 227 . . . ; see also *Daily Journal Corp. v. County of Los Angeles* (2009) 172 Cal.App.4th 1550, 1557 . . . [case moot where contract with county had expired and court could not award it to disappointed bidder].)  If events have made such relief impracticable, the controversy has become 'overripe' and is therefore moot.  [Citations.]

"Thus, ' "[m]ootness has been described as ' "the doctrine of standing set in a time frame:  The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." ' [Citations.]" ' [Citation.]  When events render a case moot, the court, *whether trial or appellate*, should generally dismiss it.  (See *Lillbask ex rel. Mauclaire v. Connecticut Dept. of Education* (2d Cir. 2005) 397 F.3d 77, 84; see also *Consumer Cause, Inc. v. Johnson & Johnson* [(2005)] 132 Cal.App.4th [1175,] 1183 [trial court should have refused to decide case upon plaintiff's discovery that allegations of complaint were wrong and defendant was not violating statute at issue].)" (*Wilson & Wilson*, *supra*, 191 Cal.App.4th at p. 1574, italics added; see also *Santa Monica Baykeeper v. City of Malibu* (2011) 193 Cal.App.4th 1538.)

Consistent with the doctrine of mootness, as elucidated in *Wilson & Wilson*, respondent concedes in his supplemental brief that it applies to this case:

"Here, the reversal of the judgments in Case No. A133073 preclude [*sic*] the granting of any effectual relief in this action . . . .  The award of expert witness fees under Code of Civil Procedure [section] 998 was based on the discretion of the trial judge based

4

upon the conduct of the trial. The reversal of the judgment, the substitution of the personal representative, the unavailability of non-economic damages in the new trial, the difference in scope of expert witness testimony are all issues the trial court will have to analyze at the conclusion of the new trial. Until the trial concludes, a victor is determined and the court performs the analysis of these factors, there is no cost award under Code of Civil Procedure [section] 998 to enforce. Hence, the controversy here has become 'overripe' and moot."

We agree that the appeal in Fraudulent Transfer Action has been mooted by the reversal in the Personal Injury Action. Because of the reversal, the amended judgment, including the cost award, has been vacated. The now-vacated amended judgment formed the basis for the claim of fraudulent transfer, and without that foundation, the Fraudulent Transfer Action cannot go forward.

The principle case relied on by appellant in his supplemental brief, *Oiye v. Fox* (2012) 211 Cal.App.4th 1036 (*Oiye*), does not compel a different conclusion here, and in fact supports our analysis. In *Oiye*, a victim of sexual molestation brought a civil suit against the molester after he had pled no contest to criminal charges brought stemming from the acts. The issue on appeal in that case material to appellant's contention here was whether the trial court abused its discretion in issuing a preliminary injunction in favor of a victim against the potential transfer of assets by the molester while the civil action was still pending. (*Id.* at pp. 1044-1045.) The appellate court affirmed the injunction,[2] finding no abuse of discretion, particularly in light of the defendant's admission to the criminal charge of molestation which the court concluded was "highly corroborative" of the victim's claims, albeit not conclusive on the merits. (*Id.* at p. 1052.)

Importantly, the court took note of the simple proposition that a tort plaintiff becomes a "creditor" for purposes of the Uniform Fraudulent Transfer Act (Civ. Code, § 3439 et seq.), entitling the plaintiff to set aside any transfers that occur from the time

---

[2] No such injunction against appellant was ever obtained by respondent here in the Fraudulent Transfer Action.

5

the complaint is filed, but only when and if a judgment is ultimately obtained against the "debtor":

" 'Certainly, for purposes of the Uniform Fraudulent Conveyance Act, a tort claimant before judgment is rendered is a "creditor" within the meaning of Civil Code section 3439.01.' (*Estate of Blanco* (1978) 86 Cal.App.3d 826, 832 . . . .) 'It is well settled in this state that the relationship of debtor and creditor arises in tort cases the moment the cause of action accrues.' (*Hansen v. Cramer* (1952) 39 Cal.2d 321, 323 . . . .) ' "[O]ne having a claim for a tort is a creditor before the commencement of an action thereon, as well as after, and, as such creditor, is, *upon recovering judgment*, entitled to avoid a fraudulent transfer antedating the commencement of his action." ' (*Chalmers v. Sheehy* (1901) 132 Cal. 459, 465 . . . .)" (*Oiye*, *supra*, 211 Cal.App.4th at pp. 1057-1058, italics added.)

There is nothing in *Oiye* that would support the conclusion that the Fraudulent Transfer Action is not moot and subject to dismissal given the reversal of the Personal Injury Action. Only *if* respondents in the Personal Injury Action obtain a defense verdict after retrial, and only *if* costs, including expert witness fees, are once again awarded under the Code of Civil Procedure section 998 offer to compromise, will there be any possible basis for a renewed suit for alleged fraudulent transfer against appellant and Paula Novak.[3] For these reasons we dismiss the appeal as being moot.

## DISPOSITION

The appeal is dismissed. The matter is remanded to the trial court for further proceeding not inconsistent with this opinion.

---

[3] We do not intend to imply any conclusions as to whether the previous section 998 offer will remain effective in light of either the reversal of the Personal Injury Action, or the change in status of the plaintiff in that case from Alex Novak, individually, to Paul Novak as special administrator of his estate.

6

_____

RUVOLO, P. J.


We concur:


_____

REARDON, J.


_____

RIVERA, J.

7

A136881, *Tai v. Von Till*