Filed 2/10/23  Lee v. Zi Cheng, LLC CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JULIE LEE,<br><br>　　　Plaintiff and Appellant,<br><br>v.<br><br>ZI CHENG, LLC et al.,<br><br>　　　Defendants and Respondents. | A160298<br><br>(San Francisco City & County<br>　Super. Ct. No. CGC17562136) |

In 2017, plaintiff Julie Lee obtained a money judgment against defendant Steve Ly and his company defendant STTC, Inc., for breach of a settlement agreement.  After the ruling in that case in favor of Lee, but before entry of judgment, Ly and STTC sold STTC's assets, a bar business and liquor license, to defendant Zi Cheng, LLC.  Although the escrow holder for the sale told Lee's attorney that Lee should file a written creditor's claim so her claim could be paid out of the sale proceeds, Lee did not do so.  Instead, after the sale closed, Lee filed the instant case against Ly and STTC (the "sellers") and Zi Cheng, LLC and its owner, Zi Qiang Cheng (the "buyers"), claiming the sale was a fraudulent transfer made to preclude her from satisfying her damages judgment.

Following a bench trial, the trial court issued a 13-page statement of decision, ultimately concluding that while the sellers may have engaged in fraudulent concealment as to Lee, the buyers did not and purchased the

business and liquor license in "good faith" and "for a reasonably equivalent value."

On appeal, Lee takes issue with a number of the trial court's findings set forth in its statement of decision. She also claims the court erred in allowing witness Hong Chew (the escrow holder) to testify on rebuttal and in admitting into evidence a document proffered by the defendants.

In their respondents' brief, defendants Zi Cheng, LLC and Zi Qiang Cheng focus principally on asserted deficiencies in Lee's appellate briefing and claim she failed to carry her burden on appeal to demonstrate error by the trial court.[1]

We affirm.

## DISCUSSION

### *Appellant's Briefing Precludes Appellate Review*

Defendants are correct in their assessment of Lee's briefing on appeal—it violates the rules of court and effectively precludes appellate review.

In contravention of California Rules of Court, rule 8.204(1)(a)(C), many pages of Lee's opening and closing briefs purporting to recount the facts and procedural history are entirely bereft of, or have only a bare sprinkling of, citations to the record. The first three pages of the "Statement of Facts" (some capitalization omitted) in her opening brief, for example, contain only two citations to the record. And one of these is in a footnote and purports to support the entirety of an extended paragraph recounting facts about a meeting with the escrow holder for the sale apparently as testified to by Lee's attorney, although that is unclear because the record citation is not to any

---

[1] Lee dismissed defendant Ly during trial and STTC is not a party to this appeal. Thus, the appeal is being pursued only as to the buyers, Cheng LLC and Zi Cheng.

2

record of such testimony, but to a notice of intent to transfer a liquor license. Some pages of her "Statement of Facts," namely those discussing the documents in the escrow file, do contain citations to the record (the file was admitted as an exhibit). However, these pages contain no record citations supporting statements recounting asserted trial testimony about the escrow. Other pages in her opening brief purporting to recount "Testimony at Trial," (some capitalization omitted) for example, contain not a single reference to any witness's testimony, let alone to the settled statement approved by the trial court that she designated in lieu of a reporter's transcript.[2] Pages in her closing brief purporting to list, in bullet style, "[t]he undisputed facts," are similarly bereft of citation to the record. So, too, the pages of her closing brief denominated "Reply Discussion of Facts" (some capitalization omitted) are devoid of any evidentiary record citations, save for two footnotes each with a citation not to any record evidence, but to the trial court's statement of decision.

"Rule 8.204(a)(1)(C) of the California Rules of Court requires all appellate briefs to '[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears.' It is well established that ' "[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived. [Citation.]" ' [Citation.] This rule applies to matters referenced at any point in the brief, not just in the statement of facts." (*Conservatorship of Kevin A.* (2015) 240 Cal.App.4th 1241, 1253.) Accordingly, even if the factual and procedural sections of a brief contain

---

[2] The court-approved settled statement consists of Lee's "Proposed Settled Statement" (some capitalization omitted) filed on December 6, 2021, and Cheng LLC's "Response to Appellant's Proposed Settled Statement" filed on December 7, 2021.

citations to the record, and here these sections of Lee's briefs contain only a few such citations, "do not cure the failure to cite evidence in the argument section of the brief, and we will not pick and choose the portions of the brief in the statement of facts that we may think are applicable to each assertion in the argument. Rule 8.204(a)(1)(C) is intended to enable the reviewing court to locate relevant portions of the record 'without thumbing through and rereading earlier portions of a brief.' [Citation.] To provide record citations for alleged facts at some points in a brief, but not at others, frustrates the purpose of that rule, and courts will decline to consider any factual assertion unsupported by record citation at the point where it is asserted." (*Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 590, fn. 8, quoting *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239, fn. 16.) Here, not only are the factual and procedural sections of Lee's briefing all but devoid of citations to the record, the argument sections of her briefs have only scant references to the record, which, as we shall explain, are manifestly insufficient to make her case on appeal.

Furthermore, Lee is, by her own admission, largely attacking the trial court's finding that the buyers gave "fair consideration" for the bar business and liquor license, as well as a handful of other findings set forth in the statement of decision. Not only does her failure to provide record citations hamper our review of her substantial evidence challenges, but she has also compounded the difficulty by arguing only the evidence she presented and inferences she maintains must be drawn therefrom.

However, " '[a]n appellant challenging the sufficiency of the evidence to support the judgment must cite the evidence in the record supporting the judgment and explain why such evidence is insufficient as a matter of law. [Citations.] An appellant who fails to cite and discuss the evidence

supporting the judgment cannot demonstrate that such evidence is insufficient.  The fact that there was substantial evidence in the record to support a contrary finding does not compel the conclusion that there was no substantial evidence to support the judgment.' " (*Verrazono v. Gehl Co.* (2020) 50 Cal.App.5th 636, 652.)  Accordingly, a party challenging the judgment for lack of substantial evidence must " 'set forth, discuss, and analyze *all* the evidence on that point, both favorable and unfavorable.' " (*Pope v. Babick* (2014) 229 Cal.App.4th 1238, 1246, italics omitted.) " ' "Unless this is done the error is deemed to be waived." ' " (*Ibid*.)  Thus, Lee has forfeited any substantial evidence arguments that fail to take account of the evidence and reasonable inferences supporting the trial court's findings. (*Verranzono,* at p. 653.)

Lee additionally disregards the principles that pertain on appeal where the trial court has issued a statement of decision.  She does not identify anywhere in the record where she requested that the court make specific findings or where she objected to the court's statement as failing to make findings on any material issue.  "Where a party fails to 'specify . . . controverted issues' or otherwise 'make proposals as to the content' of a statement of decision under [Code of Civil Procedure] section 632 (forcing the trial court to guess at what issues remain live during preparation of the statement of decision), or where a party complies with [Code of Civil Procedure] section 632 but fails to object under [Code of Civil Procedure] section 634 (depriving the trial court of the opportunity to clarify or supplement its statement of decision before losing jurisdiction), objections to the adequacy of a statement of decision may be deemed waived on appeal. [Citation.]  Because either procedural defect impedes the trial court's ability to fulfill its duty under [Code of Civil Procedure] section 632 and potentially

5

undermines the effectiveness of any statement of decision it prepares as a tool of appellate review, strict adherence to both steps of the process is necessary before we will reverse the presumption of correctness generally accorded trial court judgments on appeal." (*Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 983 (*Thompson*).)

Thus, we must, in the instant case, presume the judgment to be correct and indulge all intendments and presumptions in favor of its correctness, and under the doctrine of implied findings, we must infer that the trial court " 'impliedly made every factual finding necessary to support its decision.' " (*Thompson, supra,* 6 Cal.App.5th at p. 981*,* quoting *Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 48.) Furthermore, "[a] single witness's testimony may constitute substantial evidence to support a finding," and "[i]t is not our role as a reviewing court to reweigh the evidence or to assess witness credibility." (*Thompson,* at p. 981.)

### Challenges to the Statement of Decision

Lee first claims the trial court erred "in [its] finding that the 'Defendants participated in an open process in their purchase of the liquor license.' " She asserts, "[t]o start, the escrow holder named Hong Chew testified at trial and was not credible in his testimony regarding his relationship with [the seller] and [the buyer]." In support, Lee sets forth a seven bullet-point list of summarized evidence that purportedly shows Chew was disingenuous in his testimony. But not one of these bullet points is supported by a single citation to the record. Lee has therefore forfeited this claim of asserted error. Moreover, as we have recited, " '[w]e do not reweigh evidence or reevaluate a witness's credibility.' [Citations.] 'Resolution of conflicts and inconsistencies in the testimony is the exclusive province of the trier of fact.' " (*People v. Brown* (2014) 59 Cal.4th 86, 106.) Thus, even if the

6

supposed evidence Lee points to is extant in the record, that does not carry the day on appeal, as it was for the trial court to credit or not credit Chew's testimony at trial.

Lee next claims "[t]here was an abuse of discretion by [the court] in [its] ruling that no [creditor's] claim was filed by [Lee] prior to close of escrow." Lee provides a single record citation in support of this assertion—excerpts from Chew's deposition where he testified that Ly (the seller) initially denied having any creditors, he (Chew) subsequently "discovered a bunch of creditors," he (Chew) did not run a "lien check" until right before the close of escrow, he (Chew) met with Lee's attorney (who was also her trial attorney) and told him Lee needed to file a written claim "against escrow" with him (Chew), and when he (Chew) asked Ly about Lee's claim, Ly denied owing her anything. After quoting this testimony, Lee launches into a two-paragraph discussion of additional supposed evidence—without a single record citation—which Lee argues proves that Chew paid off another creditor who did not file a written claim. She then concludes "[o]bviously, [Chew] exercised favorable treatment towards [Ly]." Lee's failure to support half of her argument and, indeed, the supposedly pivotal part of her argument, with any record citations forfeits this claim. Moreover, her argument is another unavailing effort to revisit the credibility of Chew's trial testimony. In addition, regardless of how Chew may have treated another creditor does not establish any "abuse of discretion" by the trial court in finding that *Lee* did not file a written creditor's claim in escrow as Chew instructed.

Lee next claims the trial court "was erroneous in [its] finding that [Lee] was 'not' a claimant [against the escrow] because no written claim was submitted to [Chew] on her behalf." She maintains she, in fact, filed an adequate claim, albeit one that was not "written" and submitted to Chew,

and Chew therefore "disregarded any fiduciary duty he owed [Lee] despite . . . her standing as a 'creditor' holding a 'bona fide claim.' " In support of this argument, Lee supplies a block quote that is unaccompanied by any citation to the record or legal citation. She also cites to *Webster v. Southern California First National Bank* (1977) 68 Cal.App.3d 407, 411 (*Webster*), for the proposition that no "written" creditor's claim need be submitted in order for a creditor of the seller of a liquor license to be paid out of the escrow for the transfer of the license.

Even given the little we know about the record in this case, *Webster* appears to be inapposite. In that case the bank, which was the escrow holder for the sale of a bar business and liquor license, sought and was granted summary judgment on the sole ground that in light of court orders that had required it to pay specific claims, it did not need to comply with the creditor payment priorities set forth in Business and Professions Code section 24074. (*Webster, supra,* 68 Cal.App.3d. at pp. 411, 415–416.) The Court of Appeal reversed. After rejecting the bank's other "court orders" defense, the court considered the bank's alternative argument—that the party seeking payment from the bank "was not a creditor who had filed a claim in the escrow" and therefore the statutory priority provisions were, in any event, irrelevant. (*Id.* at p. 416.) The appellate court refused to entertain this argument for two reasons. First, whether a party is someone who has filed a claim in escrow was a question of fact that the record before the trial court "left undisposed and unresolved." (*Ibid.*) Second, the bank's moving papers "gave no inkling whatsoever" the bank was relying on such an assertion. (*Ibid.*) "A party opposing a motion for summary judgment," said the court, "cannot be required to marshal facts in opposition to the motion which refute claims wholly unrelated to the issues raised by the moving papers. A party may not

8

present his case at the trial court on one theory and then urge a completely different theory on appeal. As stated by the Supreme Court in *Ernst v. Searle* [(1933)] 218 Cal. 233, . . . 240–241. . . : 'A party is not permitted to change his position and adopt a new and different theory on appeal. To permit him to do so would not only be unfair to the trial court, but manifestly unjust to the opposing litigant.' " (W*ebster,* at pp. 416–417.)

Lee's failure to provide any citations to the record supporting her argument on this "question of fact," alone, forfeits her challenge to the trial court's finding. She also does not identify any place in the record where she advanced the argument she is now making on appeal—that she was not required to file a "written" creditor's claim and Chew owed and breached a "fiduciary duty" to pay her claim out of escrow. In fact, we note that in her trial brief Lee asserted "whether [she] filed a timely claim against the escrow maintained under the Bulk Sale Act and ABC Liquor License Laws is a secondary question in this case because [she] has not alleged a claim that Defendants violated either [statutory scheme]. . . . Instead, the focus of [her] present case against the Defendants is based upon an alleged fraudulent conveyance under UFTA Civ. Code § 3439." She additionally asserted, "[she] does not claim she suffered damages in the lawsuit at hand arising out of improper handling of the escrow claims process, set forth in the Bulk Sales Act and the ABC Liquor License Laws." As in *Webster*, Lee cannot repackage her case on appeal to embrace a claim she never advanced in the trial court.

We are at a loss as to Lee's next claim of error which she has titled, "The Error in the Statement of Decision: Re the Fraudulent Transfer." (Boldface omitted.) She quotes the trial court's summary of the defense arguments and then argues in two paragraphs—again without the benefit of any citation to the record—that the evidence was such that the trial court

9

could not possibly have believed Chew's testimony.  Given her failure to provide record citations, Lee has forfeited this argument.  In her final paragraph under this argument heading, Lee quotes from the statement of decision in her first lawsuit against Ly.  We cannot fathom how this excerpt of the prior ruling against Ly, the seller—that he had no right to breach his settlement agreement with Lee—advances the claims that are on appeal here, namely those asserted against the buyers Cheng LLC and Zi Cheng.

Lee next claims there was "[n]o ruling whether [she] established an actual fraudulent transfer under [Civil Code section] 3439.05." (Capitalization & boldface omitted.)  We are again at a loss as to exactly what argument Lee is advancing.  She commences her argument with two paragraphs of purported facts that are unsupported by any citation to the record, and which we therefore disregard.  She then states, in seeming contradiction with her argument heading, "the question is, what was the reasoning process employed [by the court] in [its] finding that it was shown there was 'good faith' on the part of [Cheng LLC]."[3]  In this regard she does provide a citation to the record, specifically deposition testimony of Zi Cheng that was read into the record.  This testimony is to the effect that Cheng's son handled the purchase of the bar business and liquor license, and he (Cheng) signed documents as instructed by his son.  In the next two paragraphs of her argument, and in a complete disconnect, Lee asserts—again without citing to

---

[3] So clearly, the trial court *did* make a ruling as to whether Lee established a fraudulent transfer as to the buyers, Cheng LLC and Zi Cheng, and it was a ruling against her.  The trial court also made a ruling as to whether Lee established fraudulent intent on the part of the sellers, Ly and STTC, and found that "[o]verall, the timing and circumstances of the transfer support an inference that Ly actually intended to defraud [Lee]."  However, Lee dismissed Ly during trial, and only the buyers, Cheng LLC and Zi Cheng, are parties to this appeal.

1

the record—that "[b]ecause it was never settled during trial who was actual owner of Zi Cheng, LLC, there were insufficient facts to support [the court's] finding that [Cheng, LLC and Zi Cheng] acted in 'good faith.' " Suffice it to say Lee has not only forfeited this challenge to the trial court's statement of decision for lack of citations to the record, but her argument is incomprehensible.

Lee next complains there was "[n]o testimony" from the sellers, Ly and STCC, Inc. (Boldface omitted.) This appears to be an attack on the defendant buyers' evidence that they assumed the seller's lease obligations, which defendants asserted should be factored into the value they paid for the bar business and liquor license and evidenced a good faith purchase for fair value—a proposition defendants supported with testimony from witnesses and with which the trial court ultimately agreed. Lee's argument seems to be that without testimony from the sellers (namely from Ly), defendants had unbridled opportunity to inflate the value paid for the business and liquor license. She posits, for example, "[w]ithout the testimony of [the sellers], how could [the buyers] make a credible assertion at trial that [the sellers] feared becoming indebted for breach of the lease." She similarly argues in her closing brief that "[t]he entire 'lease assumption' argument" which "was erroneously adopted by [the court]," "is plagued by hearsay and speculation which required the seller [(Ly)] to give testimony at trial to substantiate the argument that the seller received a benefit from the 'lease assumption agreement.' "

To begin with, Lee does not cite to any part of the record where she objected to the defendants' evidence, let alone articulated the specific basis for any objection thereto. She has therefore forfeited any complaint about the admissibility of the evidence about which she complains. (See *People v.*

1

*Demetrulias* (2006) 39 Cal.4th 1, 21 (*Demetrulias*) [defendant forfeited evidentiary claim by failing, in the trial court, "to make timely objections or a timely motion to strike" on the "specific ground" raised on appeal].) Further, as we have recited, we do not, on appeal, reweigh the evidence or reassess the credibility of witnesses. That is the province of the trial court, and Lee is again quarreling with the court's assessment of the evidence before it.

In her closing brief, for the first time, Lee cites to a string of cases that she maintains compel the conclusion the defendants did not pay "reasonably equivalent value" for the bar business and liquor license and therefore were not good faith purchasers beyond the reach of her fraudulent transfer claim. We first point out that these are all older cases and there is no reason why Lee did not cite them in her opening brief so defendants could have an opportunity to respond. In any event, they do not assist Lee, as they all turn on their particular facts, and Lee has provided an utter paucity of citations to the record here, including none in the paragraphs in which she argues the buyers "should have . . . known" (boldface omitted) the sellers intended to defraud her and therefore are subject to her fraudulent transfer claim.

Lee cites, for example, to *In re JTS Corp.* (9th Cir. 2010) 617 F.3d 1102, for the proposition that a finding that equivalent value has been given for a debtor's property is subject to reversal if it is "clearly erroneous."[4] *JTS* concerned, in part, the extent of a bankruptcy trustee's avoidance power as against a good faith transferee. (*In re JTS Corp.,* at p. 1114.) Lee quotes from the circuit court's discussion of a case that the court distinguished, wherein "the record demonstrated that [the debtor] had actual intent to

---

[4] The "clearly erroneous" standard is the standard used by federal courts to review factual findings. (See *People v. Aguilera* (2020) 50 Cal.App.5th 894, 908.) It is "practically the same as the California substantial evidence test." (*People v. Alvarez* (1996) 14 Cal.4th 155, 196.)

defraud its creditors by transferring the sums," and the transferee, in turn, "should have known that [the debtor] was running a Ponzi scheme based on statements it made to [the transferee] and from [the debtor's] willingness to accept little value in exchange for the transfer." (*Ibid.*) Accordingly, the transfers in that case were avoidable by the bankruptcy trustee. (*Ibid.*) That, however, was not the case in *JTS Corp.* (*Id.* at p. 1115.)

Lee also cites to *Hansen v. Cramer* (1952) 39 Cal.2d 321, 322 in which our high court reversed a nonsuit against a creditor. The court explained the debtor "did not receive 'fair consideration' for her conveyance . . . since she was thereby rendered insolvent." (*Id.* at p. 325.) Specifically, "the antecedent debt [the debtor had conveyed and] discharged was that of a third person, her husband, *for which she was not liable.*" (*Ibid.,* italics added.) While Lee repeatedly argues Ly and STCC Inc. did not believe they had any real liability in connection with the lease they transferred to defendants, she does not provide a single citation to the record in support of her argument. Instead, she baldly maintains only Ly's testimony, and not the testimony of defendants' witnesses, could provide such evidence—a contention squarely at odds with the substantial evidence standard of review. (See *Thompson, supra,* 6 Cal.App.5th at p. 981 [testimony of even one witness can constitute substantial evidence].)

In sum, the trial court's pivotal ruling for purposes of this appeal is that Lee failed to prove that Cheng LLC and Zi Cheng (the buyers) were "insider[s] of" Ly and STCC (the sellers) and either knowingly colluded with the sellers or should have known they were participating in a fraudulent transaction. For all the reasons we have discussed, Lee has not presented this court with briefing that demonstrates the trial court's ruling in favor of Cheng LLC and Zi Cheng is unsupported by any substantial evidence.

*Irregularity In the Proceedings*

Lee also makes two procedural arguments.

She first complains the trial court allowed Chew to testify in rebuttal. She asserts this "arguably demonstrated a bias" in favor of Chew. She secondly complains the court allowed the defense to introduce a "hearsay letter" apparently concerning matters that occurred after the close of escrow.

Nether argument is supported by any citation to the record.[5] We therefore have no way of evaluating whether the trial court appropriately exercised its discretion either in allowing the rebuttal testimony (see *People v. Hart* (1999) 20 Cal.4th 546, 653 ["The admission of evidence in rebuttal is a matter left to the sound discretion of the trial court."]) or in admitting the letter into evidence (see *People v. DeHoyos* (2013) 57 Cal.4th 79, 132 ["a trial court has broad discretion to determine whether a party has established the foundational requirements for a hearsay exception"]). Indeed, we cannot even tell whether at the appropriate time during trial Lee made an objection to the testimony and the letter, let alone, the specific basis of any such objections. Accordingly, these complaints have also been forfeited on appeal. (See *Demetrulias, supra,* 39 Cal.4th at p. 21 [defendant forfeited evidentiary claim on appeal by "failing to make timely objections or a timely motion to strike on that specific ground" in the trial court].)

## DISPOSITION

The judgment is AFFIRMED. Respondents to recover costs on appeal.

---

[5] In her closing brief, Lee refers to a " 'Consent to Assignment of Lease' " which is perhaps the hearsay letter about which she complains. But that is never clearly stated. In any case, attempting to provide a record citation in her closing brief is too little, too late.

_____
Banke, J.

We concur:


_____
Margulies, Acting P.J.


_____
Devine, J.*


*Judge of the Contra Costa Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


A160298, Lee v. Zi Cheng LLC et al

1